Jeffrey W. Noe, State Bar No. 167387
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
P.O. Box 11172
Bakersfield, California 93389-1172
Telephone: (661) 395-1000
Facsimile: (661) 326-0418
Email: jnoe@kleinlaw.com

Attorneys for Defendant,
AMERICAN TIMBER AND STEEL CO., INC.,
sued herein and f/k/a MIDWESTERN WHOLESALERS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA–SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KEVIN JOYCE,<br><br>                 Plaintiff,<br><br>        v.<br><br>MIDWESTERN WHOLESALERS, INC., an Ohio corporation, and<br>DOES 1 through 50, inclusive,<br><br>                 Defendants. | Case No.  C 07-5404 JCS<br><br>**NOTICE OF SERVING ON PLAINTIFF AND FILING WITH STATE COURT THE "NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT"**<br><br>Complaint Filed:    August 14, 2007<br>Trial Date:             None |

        PLEASE TAKE NOTICE that, in accordance with 28 U.S.C. section 1446(d), the "Notice to Adverse Party of Removal of Action to Federal Court" has been served on plaintiff and filed with the state court.  (A true and correct copy of the Notice to Adverse Party is attached hereto as Exhibit 1.)

Date: October 24, 2007

                    KLEIN, DeNATALE, GOLDNER,
                    COOPER, ROSENLIEB & KIMBALL, LLP

                    By: /s/ Jeffrey W. Noe
                    Jeffrey W. Noe
                    Attorneys for Defendant,
                    AMERICAN TIMBER AND STEEL CO.,
                    INC., sued herein and f/k/a MIDWESTERN
                    WHOLESALERS, INC.

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

**PROOF OF SERVICE**

I am employed in the county of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 4550 California Avenue, Bakersfield, California 93309.

On **October 25, 2007**, I served the foregoing document described as follows:

**NOTICE OF SERVING ON PLAINTIFF AND FILING WITH STATE COURT THE "NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT."**

| X | by placing the true copies thereof |
|---|---|
|  | by placing the original |

addressed as follows:

Sarah S. Wright, Esq.
The Wright Law Firm
340 Redwood Highway, Ste. F229
San Rafael, CA 94903
Attorney for Plaintiff

☒ **BY MAIL**    I enclosed such document in sealed envelope(s) with the name(s) and address(es) of the person(s) served as shown on the envelope(s) and caused such envelope(s) to be deposited in the mail at Bakersfield, California. The envelope(s) was/were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE**    I placed such document in a facsimile machine (pursuant to *California Rules of Court,* Rule 2003(3)) on _____, at _____, with the fax number of (661)326-0418. Upon facsimile transmission of the document, I obtained a report from the transmitting facsimile machine stating that the facsimile transmission was complete and without error. A copy of the transmission report is attached to this Proof of Service pursuant to *California Rules of Court,* Rule 2008(e).

☒ **BY ELECTRONIC MAIL**    I caused the above-mentioned documents to be mailed electronically to plaintiffs counsel, Sarah S. Wright, at wright_law@sbcglobal.net, in accordance with General Order No. 45,- - Electronic Case Filing, section IX. A and B.

☐ **BY OVERNIGHT MAIL SERVICE**

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BY PERSONAL SERVICE**     I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

Executed on **October 25, 2007**, at Bakersfield, California.

(State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X     (Federal)     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Paula Smith
Type or Print Name

Signature

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

**Exhibit 1**

1  Jeffrey W. Noe, State Bar No. 167387
   KLEIN, DeNATALE, GOLDNER,
2     COOPER, ROSENLIEB & KIMBALL, LLP
   4550 California Avenue, Second Floor
3  Bakersfield, California 93309
   P.O. Box 11172
4  Bakersfield, California 93389-1172
   Telephone: (661) 395-1000
5  Facsimile: (661) 326-0418
   Email: jnoe@kleinlaw.com
6
   Attorneys for Defendant,
7  AMERICAN TIMBER AND STEEL CO., INC.,
8  sued herein and f/k/a MIDWESTERN WHOLESALERS, INC.

FILED

OCT 2 4 2007

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

9              IN THE SUPERIOR COURT OF CALIFORNIA

10            COUNTY OF MARIN -- UNLIMITED JURISDICTION

| | |
|---|---|
| 11  KEVIN JOYCE, | Case No.  CV 073835 |
| 12              Plaintiff, | Assigned to Hon. Lynn Duryee |
| 13        v. | **NOTICE TO ADVERSE PARTY OF** |
| 14  MIDWESTERN WHOLESALERS, INC., an | **REMOVAL OF ACTION TO FEDERAL** |
|     Ohio corporation, and | **COURT** |
| 15  DOES 1 through 50, inclusive, | Complaint Filed:    August 14, 2007 |
| 16              Defendants. | Trial Date:         None |

17

18      TO PLAINTIFF AND HIS ATTORNEY(S) OF RECORD:

19      PLEASE TAKE NOTICE that on October 23, 2007, a Notice of Removal of this action

20  was filed with the United States District Court for the District of Northern California, San

21  Francisco/Oakland division.  A copy of the Notice of Removal is attached hereto as Exhibit A,

22  and is being filed with the Marin County Superior Court.

23  Date: October 23, 2007

                          KLEIN, DeNATALE, GOLDNER,
24                        COOPER, ROSENLIEB & KIMBALL, LLP

25                   By: _____
                          Jeffrey W. Noe
26                        Attorneys for Defendant,
                          AMERICAN TIMBER AND STEEL CO.,
27                        INC., sued herein and f/k/a MIDWESTERN
                          WHOLESALERS, INC.

28

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

**Exhibit A**

1  Jeffrey W. Noe, State Bar No. 167387
   KLEIN, DENATALE, GOLDNER,
2    COOPER, ROSENLIEB & KIMBALL, LLP
   4550 California Avenue, Second Floor
3  Bakersfield, California 93309
   P.O. Box 11172
4  Bakersfield, California 93389-1172
   Telephone: (661) 395-1000
5  Facsimile: (661) 326-0418
   Email:  jnoe@kleinlaw.com
6
   Attorneys for Defendant,
7  AMERICAN TIMBER AND STEEL CO., INC.,
   sued herein and f/k/a MIDWESTERN WHOLESALERS, INC.
8

9                    UNITED STATES DISTRICT COURT

10    NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO/OAKLAND DIVISION

11

12   KEVIN JOYCE,                          Case No.: _____

13              Plaintiff,

                                           DEFENDANT'S NOTICE OF
14        v.                               REMOVAL UNDER 28 U.S.C. §§ 1332
                                           AND 1441 (DIVERSITY)
15   MIDWESTERN WHOLESALERS, INC., an
     Ohio corporation, and
16   DOES 1 through 50, inclusive,

17              Defendants.

18

19        TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO THE PLAINTIFF

20   AND HIS ATTORNEY OF RECORD :

21        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332, 1441, and 1446,

22   defendant American Timber and Steel Co., Inc., sued herein and formerly known as Midwestern

23   Wholesalers, Inc. ("Defendant"), hereby removes to this Court the state court action described

24   below.

25

26   1.    **The Marin County Action**.

27        On or about August 14, 2007, plaintiff Kevin Joyce ("Plaintiff") filed his complaint

28   initiating the action entitled *Kevin Joyce v. Midwestern Wholesalers, Inc. et al.*, bearing Case

*Left margin (vertical text):* KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP  4550 CALIFORNIA AVENUE, SECOND FLOOR  BAKERSFIELD, CALIFORNIA 93309

1   No. CV 073835, in the Superior Court of California, in and for Marin County (the "Action").

2   On September 5, 2007, Plaintiff filed his First Amended Complaint in the Action.

3       Plaintiff never served the initial complaint on Defendant. Service of the First Amended

4   Complaint became effective on September 25, 2007.

5       A true and correct copy of the First Amended Complaint is attached hereto as Exhibit 1

6   and incorporated herein by reference, along with true and correct copies of the Notice and

7   Acknowledgment of Receipt of service and the Summons. True and correct copies of all notices

8   and orders issued by the state court prior to this removal and served on Defendant are attached

9   hereto as Exhibit 2.

10

11      **2.    Basis for Jurisdiction and Venue**.

12      The Action is a civil action over which this Court has original jurisdiction under 28

13  U.S.C. section 1332 (diversity), and which may be removed to this Court by Defendant under

14  the provisions of 28 U.S.C. section 1441 as shown below.

15      a.    **Complete Diversity Exists Between the Parties, and None of the**

16            **Defendants Is a Citizen of California.**

17            1.    *The sole plaintiff is a citizen of California.*

18      Plaintiff, an individual, alleges in Paragraph 1 of the First Amended Complaint that he

19  "is a resident of the County of Marin, State of California." Defendant is thus informed and

20  believes that the sole Plaintiff in this Action is, and was at the time of filing the Action and at

21  the time of its removal, a citizen of California.

22            2.    *The sole named defendant is a citizen of Ohio.*

23      Defendant is, and was at the time of the filing of the Action and at the time of its

24  removal, a corporation incorporated in Ohio, with its principal place of business in Ohio. (See

25  also Paragraph 3 of the First Amended Complaint.) Defendant, therefore, is a citizen of Ohio,

26  and not a citizen of California.

27  ///

28  ///

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1    Further, while Plaintiff has brought claims against "Does 1 through 50," the citizenship

2    of such defendants sued under fictitious names is disregarded for purposes of removal. (28

3    U.S.C. § 1441(a).)

4    Since the sole plaintiff is a citizen of California, and the only named defendant is a

5    citizen of Ohio, complete diversity exists and no defendant is a citizen of the state in which the

6    Action has been brought.

7

8    **b.    Intradistrict Assignment to the San Francisco/Oakland Division**.

9    The Action was originally filed in the state court located in Marin County, California.

10    This Action, therefore, arises in Marin County for purposes of the intradistrict assignment to the

11    San Francisco/Oakland division under Civil L.R. 3-2(c).

12

13    **c.    The Amount in Controversy Exceeds $75,000.**

14    Plaintiff alleges in the First Amended Complaint that he entered into a written

15    employment contract with Defendant in 1995 to act as a salesperson. (FAC, Ex. 1, ¶ 6.)

16    Plaintiff avers Defendant owes Plaintiff the following for alleged Labor Code violations and

17    breaches of contract:

18    •    Unused <u>vacation</u> benefits for 21 weeks. (FAC, Ex. 1, ¶¶ 7, 9, 13, 29-32.)

19    •    <u>Overtime</u> pay allegedly owed during Plaintiff's employment from

20        November 1995 to January 2005. (FAC, Ex. 1, ¶¶ 6, 19, 21.)

21    •    One additional hour of pay for each day worked by Plaintiff due to

22        Defendant's alleged failure to provide <u>meal and rest breaks</u>. (FAC, Ex. 1,

23        ¶¶ 24-27.)

24    •    <u>Bonus</u> for sales allegedly generated by Plaintiff in 2004. (FAC, Ex. 1, ¶¶

25        7, 9, 35.)

26    •    Lease payments for a mid-size car and <u>car-related expenses</u>. (FAC, Ex. 1,

27        ¶¶ 7, 39, 41, and at 11:7-:11.)

28    ///

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1  • <u>Waiting time penalties</u> equal to Plaintiff's daily rate of pay for 30 days

2  (for the alleged failure to pay vacation, the bonus, and overtime).  (FAC,

3  Ex. 1, ¶¶ 21, 31, 37.)

4  • <u>Attorneys' fees</u> under Labor Code sections 218.5, 218.6, 1194, and 2802.

5  (FAC, Ex. 1, ¶¶ 22, 32, 37, 42, and at 11:16-:19.)

6  Although Plaintiff does not specify the amounts sought in his complaint, he appears to

7  contend that some compensation (e.g., overtime and car-related expenses) was never paid during

8  the nearly 10 years Defendant employed him, and he alleges his starting salary was $1,000 per

9  week.[1]  Using these allegations, the amount in controversy clearly exceeds $75,000:

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

| | |
|---|---|
| <u>Vacation Benefits</u>: | $21,000 (21 weeks x $1,000/wk.) |
| <u>Overtime</u>: | $19,125 (based on allegation of $25/hr. salary, and assumption of one hour of premium pay owed per week for 450 weeks) |
| <u>Meal/Rest Breaks</u>: | $54,500 (based on $25/hr. pay rate, one hour of additional pay owed for each work day, and 20 work days per month for 109 months of employment) |
| <u>Bonus</u>: | $ 2,500 (based on allegation a bonus was owed, and smallest bonus amount included in alleged bonus schedule) |
| <u>Car Lease/Expenses</u>: | $32,700 (based on assumptions of $300 allegedly owed for each of the 109 months of Plaintiff's employment) |
| <u>Waiting Time Pen.</u>: | $ 4,000 (based on alleged $200 daily pay rate, and 20 working days per month) |
| <u>Attorneys' Fees</u>:[2] | <u>$25,000 to 75,000</u> (estimated fees through trial) |
| **TOTAL:**[3] | **$158,825 to $208,825** |

---

[1]  Plaintiff's final rate of pay was $1,250 per week.  The actual amount in controversy thus exceeds the estimates shown below, which are based on a weekly salary of $1,000.

[2]  Fees recoverable by statute are included in determining the amount in controversy.  (*Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56.)

1

### 3.    Removal Is Timely.

2        The Action commenced on or about August 14, 2007, and Defendant was served with

3   process on September 25, 2007.  Removal is thus timely.  (28 U.S.C. § 1446(b) [defendant has

4   30 days to remove, and removal in diversity action must occur within one year of

5   commencement of action]; *Murphy Bros., Inc.  v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S.

6   344, 354 [30-day time period begins to run with formal service of process].)

7

8        ### 4.    Defendant Attaches Hereto the Record in the Action, and Has Given

9        ### Notice of the Removal to Plaintiff and the State Court.

10       All pleadings, process, and orders from the state court proceedings that have been served

11  are Defendant are attached hereto as Exhibits 1 and 2.

12       In accordance with 28 U.S.C. section 1446(d), Defendant will promptly serve on

13  Plaintiff a notice of this removal and file such notice with the clerk of the Marin County

14  Superior Court.  Proof of filing and serving such notice to Plaintiff will be provided to this

15  Court upon their completion.

16

17  Date: October 22, 2007                  KLEIN, DeNATALE, GOLDNER,
                                            COOPER, ROSENLIEB & KIMBALL, LLP
18

19                                          By:_____

20                                          Jeffrey W. Noe
                                            Attorneys for Defendant,
21                                          AMERICAN TIMBER AND STEEL CO.,
                                            INC., sued herein and f/k/a  MIDWESTERN
22                                          WHOLESALERS, INC.

23

24

25

26

27

28

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

---

[3]  Claims brought by a single plaintiff against a single defendant are aggregated to meet the jurisdictional amount.  (*Wolde-Meskel v. Vocational Instructional Project Community Services, Inc.* (2nd Cir. 1999) 166 F.3d 59, 62.)

**Exhibit 1**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sarah S. Wright       SB 161112 <br> The Wright Law Firm <br> 4340 Redwood Highway, Ste. F229 <br> San Rafael, CA  94903 <br><br> TELEPHONE NO.: 415.472.5900    FAX NO. *(Optional):* 415.472.5905 <br> E-MAIL ADDRESS *(Optional):* wright_law@sbcglobal.net <br> ATTORNEY FOR *(Name):* Plaintiff Kevin Joyce | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin |
|---|
| STREET ADDRESS: 3501 Civic Center Drive |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Rafael, CA  94903 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: KEVIN JOYCE |
|---|
| DEFENDANT/RESPONDENT: MIDWESTERN WHOLESALERS, INC. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> CV 073835 |
|---|---|

TO *(insert name of party being served):* MIDWESTERN WHOLESALERS, INC., a Ohio Corporation

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: September 6, 2007

Sarah S. Wright
_____
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*

    Notice to Plaintiffs, Notice of Case Management Conference, Stipulation to Use of ADR Process, Ex Parte Application for Extension of Time to Serve Pleading & Orders, Case Management Statement, Notice of Stay of Proceedings, Notice of Termination or Modification of Stay, Notice of Settlement of Entire Case, Statement of Agreement or Nonagreement, ADR Information Sheet

*(To be completed by recipient):*

Date this form is signed:  September 25, 2007

Jeffrey W. Noe, Attorney for Defendant
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *(signature)*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MIDWESTERN WHOLESALERS, INC., an Ohio Corporation, and
DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KEVIN JOYCE



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
AUG 1 4 2007
KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: L. Mauga, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.   Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.   Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Marin Superior Court<br>3501 Civic Center Drive<br>San Rafael, CA  94903 | CASE NUMBER:<br>*(Número del Caso):* CV  073835 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sarah S. Wright, The Wright Law Firm, 4340 Redwood Hwy, Ste F229,
San Rafael, CA  94903 Tel: (415) 472-5900; Fax: (415) 472-5905

DATE: AUG 1 4 2007        KIM TURNER Clerk, by        L. MAUGA        , Deputy
*(Fecha)*                                    *(Secretario)*                                                           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*

[SEAL]

(SEAL)

3. [X] on behalf of *(specify):* Midwestern Wholesalers, Inc., an Ohio Corporation

under: [X] CCP 416.10 (corporation)       [  ] CCP 416.60 (minor)
       [  ] CCP 416.20 (defunct corporation)       [  ] CCP 416.70 (conservatee)
       [  ] CCP 416.40 (association or partnership)       [  ] CCP 416.90 (authorized person)
       [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1   **THE WRIGHT LAW FIRM**
    Sarah S. Wright, Esq. (State Bar No. 161112)
2   4340 Redwood Highway, Suite F229
    San Rafael, CA 94903
3   Telephone: 415-472-5900
    Facsimile: 415-472-5905
4

5

6

7

8                 IN THE SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF MARIN – Unlimited Jurisdiction

10

11  KEVIN JOYCE,                    )  No. CV 073835
                                    )  **FIRST AMENDED COMPLAINT FOR**
12          Plaintiff,              )  **DAMAGES (EMPLOYMENT)**
                                    )  1.  Breach of Written Contract
13      vs.                         )  2.  Violation of Labor Code § 510
                                    )  3.  Violation of Labor Code §§ 226.7 and
14  MIDWESTERN WHOLESALERS,         )      512
    INC., an Ohio Corporation, and  )  4.  Violation of Labor Code § 227.3
15  DOES 1 through 50, inclusive,   )  5.  Violation of Labor Code § 201
                                    )  6.  Violation of Labor Code § 2802
16          Defendants.             )  7.  Violation of Business and
                                    )      Professions Code §§ 17200, et seq.
17  _____)

18

19          Plaintiff KEVIN JOYCE complains and alleges as follows:

20              **FACTS COMMON TO ALL CAUSES OF ACTION**

21          1.      Plaintiff KEVIN JOYCE ("JOYCE") is a resident of the County of Marin, State

22  of California.

23          2.      The events giving rise to JOYCE's complaint occurred in California.

24          3.      At all times relevant hereto, defendant MIDWESTERN WHOLESALERS,

25  INC. ("MIDWESTERN") was an Ohio corporation doing business throughout the State of

26  California.

27          4.      The true names and capacities of the defendants named herein as DOES

28  1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are

                                        1

---

FILED

SEP 05 2007

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

1   unknown to plaintiff, who therefore sues such defendants by fictitious names pursuant to

2   Cal. Code Civ. Proc. §474. Plaintiff is informed and believes that the DOE defendants are

3   subject to the jurisdiction of the courts of the State of California. Plaintiff will amend this

4   Complaint to show such true names and capacities when they have been determined.

5       5.      Plaintiff is informed and believes, and thereon alleges, that each of the

6   defendants herein was at all times relevant hereto the agent, employee, or representative

7   of the remaining defendants, and was acting, at least in part, within the course and scope

8   of such relationship.

9       6.      On November 15, 1995, JOYCE entered into a written contract whereby

10  MIDWESTERN agreed to employ and compensate JOYCE for selling MIDWESTERN's

11  products. A true and correct copy of the written contract (hereinafter referred to as

12  "Employment Contract") setting forth JOYCE's employment compensation package is

13  attached hereto as Exhibit 1 and incorporated by reference.

14      7.      JOYCE's Employment Contract with MIDWESTERN provided for the

15  following compensation:

16      A.      Salary of $1,000 per week to be mailed on Tuesday following the

17  work week;

18      B.      Year-end bonuses as follows:

19          1.      $2,500 if sales reached $1,500,000;

20          2.      $5,000 if sales reached $2,000,000;

21          3.      $7,500 if sales reached $2,500,000;

22          4.      $10,000 if sales reached $3,000,000

23      C.      One-time bonus of $4,000 to be paid with first paycheck to help set

24              up an office in JOYCE's home;

25      D.      Vacation of two weeks after six months; three weeks after one year;

2

E.    An amount equal to a lease payment for a mid-size automobile, the actual size and type vehicle to be selected by JOYCE.

F.    All "normal auto expenses not normally covered by a lease" and

G.    Health insurance.

8.    On or about January 10, 2005, MIDWESTERN terminated JOYCE's employment as a sales representative.

9.    At the time of the termination of JOYCE's employment with MIDWESTERN, JOYCE had accrued vacation of 27 weeks and 2.3 days, of which 21 weeks was unused. In addition, at the time of MIDWESTERN's termination of JOYCE's employment, the bonus for sales occurring in 2004 had not been paid, and JOYCE had not been paid overtime or premium pay for days when he was unable to take rest breaks or meals.

10.    On or about June 1, 2006, MIDWESTERN and JOYCE entered into a Standard Representative Contract whereby MIDWESTERN appointed JOYCE as its representative to act on its behalf in the States of California, Nevada and Arizona. A true and correct copy of JOYCE's Standard Representative Contract is attached hereto as Exhibit 2 and incorporated by reference.

11.    On or about June 23, 2007, JOYCE terminated his independent contractor relationship with MIDWESTERN.

### FIRST CAUSE OF ACTION
### (BREACH OF WRITTEN CONTRACT)
### AGAINST ALL DEFENDANTS

12.    Plaintiff realleges and incorporates herein by reference all preceding allegations against all defendants.

13.    Prior to the termination of JOYCE's employment with MIDWESTERN on January 10, 2005, JOYCE had accrued vacation pursuant to the terms and conditions of his written Employment Contract with MIDWESTERN. Upon its termination of JOYCE's

3

employment, MIDWESTERN failed and refused to pay JOYCE the accrued unused vacation, despite JOYCE's demand therefor.

14. According to the express terms of his written Employment Contract with MIDWESTERN, JOYCE was eligible for annual year-end bonuses. Said bonuses were to be based upon the sales reached during the year. In 2004, JOYCE attained sales that would have entitled him to a bonus, but defendant failed and refused to pay the bonus provided for by the written Employment Contract, despite JOYCE's demand therefor.

15. According to the express terms of his written Employment Contract with MIDWESTERN, JOYCE was eligible for "an amount equal to a lease payment for a mid-size automobile, the actual size and type vehicle to be selected by JOYCE." In reliance upon the Employment Contract, JOYCE purchased a vehicle, intending to use the "amount equal to a lease payment" to defray the cost of the vehicle. Defendant failed and refused to reimburse JOYCE the amount promised, despite JOYCE's demand therefor.

16. According to the express terms of his written Employment Contract with MIDWESTERN, JOYCE was to be reimbursed for all "normal auto expenses not normally covered by a lease." JOYCE incurred such expenses and requested reimbursement therefor, but defendant failed and refused to reimburse him.

17. JOYCE faithfully and competently performed the duties that MIDWESTERN required of him. Defendant MIDWESTERN breached its Employment Contract with JOYCE, as set forth in paragraphs 13-16 hereinabove, and caused JOYCE to be damaged as a result thereof.

WHEREFORE plaintiff JOYCE prays for judgment against defendant MIDWESTERN as hereinafter set forth.

4

## SECOND CAUSE OF ACTION
### (VIOLATION OF LABOR CODE §§ 510)
### AGAINST ALL DEFENDANTS

18.    The allegations of paragraphs 1-17, *supra*, are realleged and incorporated herein by reference against all defendants.

19.    At all times herein mentioned, Labor Code §510, which requires an employer to pay overtime compensation for all hours worked in excess of eight per day or forty per week to non-exempt employees, was in effect and applicable to defendant.   From November 5, 1995 until January 10, 2005, JOYCE was not exempt from overtime pay requirements under California law and was therefore entitled to be paid overtime compensation for all overtime hours worked.

20.    Defendant's failure and refusal to pay overtime to JOYCE violated California Labor Code § 510.

21.    As a result of Defendant's failure and refusal to pay JOYCE all wages, including unpaid overtime, at the time of the termination of the employment relationship, there is now due and owing waiting time penalties at JOYCE's daily rate of pay for each day, up to 30 days,  that defendant refused to pay JOYCE his unpaid overtime, pursuant to Labor Code § 203.

22.    Pursuant to Labor Code § 1194, JOYCE is entitled to the full amount of his overtime pay, including interest thereon, reasonable attorney's fees and costs of suit.

WHEREFORE  plaintiff  JOYCE  prays  for  judgment  against  defendant MIDWESTERN as hereinafter set forth.

5

First Amended Complaint for Damages

### THIRD CAUSE OF ACTION
### (VIOLATION OF LABOR CODE § 226.7 AND 512)
### AGAINST ALL DEFENDANTS

23.    Plaintiff realleges and incorporates herein by reference all preceding allegations against all defendants.

24.    Labor Code § 512 prohibits employers from employing an individual for more than five hours per day without providing the employee a meal period.

25.    Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an order of the Industrial Welfare Commission. Industrial Welfare Commission Order 7 governs wages, hours and working conditions in the Mercantile Industry, which is defined by said wage order as "any industry, business, or establishment operated for the purpose of purchasing, selling, or distributing goods or commodities at wholesale or retail..." Section 12(A) of IWC Order 7 requires every employer to permit employees to take a 10-minute break for every 4 hours worked. Section 11 of IWC Order 7 requires every employer to permit employees who work more than five hours in a day to be relieved of all duty during a 30 minute meal period.

26.    Defendant knowingly and intentionally failed to inform JOYCE of his right to take meal and rest breaks, and insisted that JOYCE be available any time defendant called, in violation of Labor Code §§ 226.7 and 512.

27.    Pursuant to Labor Code § 226.7(b), if an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee a premium pay of one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

WHEREFORE plaintiff JOYCE prays for judgment against defendant MIDWESTERN as hereinafter set forth.

6

First Amended Complaint for Damages

## FOURTH CAUSE OF ACTION
### (VIOLATION OF LABOR CODE § 227.3)
### AGAINST ALL DEFENDANTS

28.    Plaintiff realleges and incorporates herein by reference all preceding allegations against all defendants.

29.    At all times herein mentioned, Labor Code §227.3, which requires an employer to pay all unused vested vacation to an employee at his final rate at the time of termination was in effect and enforceable against MIDWESTERN.

30.    Defendant's failure and refusal to pay JOYCE his unused vested vacation violated California Labor Code § 227.3.

31.    As a result of Defendant's failure and refusal to pay JOYCE his vested vacation time at the time of the termination of the employment relationship, there is now due and owing waiting time penalties of JOYCE's daily rate of pay for each day, up to 30 days, that defendant refused to pay JOYCE his unpaid overtime, pursuant to Labor Code § 203.

32.    Pursuant to Labor Code §§ 218.5 and 218.6 JOYCE is entitled to reasonable attorney's fees, costs of suit and  interest on the unpaid wages at the legal rate accruing from the date said wages were due and payable.

WHEREFORE plaintiff JOYCE prays for judgment against defendant MIDWESTERN as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF LABOR CODE §§ 201)
### AGAINST ALL DEFENDANTS

33.    Plaintiff incorporates by reference all prior allegations.

34.    At all times herein mentioned, Labor Code §201 was in effect.  Labor Code §201 requires an employer to pay all wages earned and unpaid at the time of the employer's termination of the employee.

7

First Amended Complaint for Damages

35.    Defendant MIDWESTERN failed and refused to pay JOYCE the bonus due to him for sales generated in 2004. As set forth in Labor Code § 200, wages encompass "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." Accordingly, the bonus provided in the Employment Contract is a wage.

36.    MIDWESTERN's failure and refusal to pay JOYCE his bonus payment for 2004, vested vacation pay, overtime and premium pay at the time of the termination of his employment violated Labor Code § 201.

37.    As a result of defendant's failure and refusal to pay the bonus due to JOYCE at the time of the termination of his employment, defendant is liable for waiting time penalties of 30 days pursuant to Labor Code § 203. In addition, pursuant to Labor Code § 218.5 and 218.6, JOYCE is entitled to the reasonable attorney's fees, costs of suit, and interest on the unpaid wages.

WHEREFORE    plaintiff    JOYCE    prays    for    judgment    against    defendant MIDWESTERN as hereinafter set forth.


### SIXTH CAUSE OF ACTION
### (VIOLATION OF LABOR CODE § 2802)
### AGAINST ALL DEFENDANTS

38.    Plaintiff realleges and incorporates herein by reference all preceding allegations against all defendants.

39.    Pursuant to the terms of the Employment Contract, plaintiff was to receive an amount equal to a lease payment for a mid-size automobile, the actual size and type vehicle to be selected by JOYCE, and all of his business-related automobile expenses. As a result, JOYCE incurred expenses in purchasing a vehicle that he expected to be reimbursed by defendant.

8

40.    At all times relevant hereto, Labor Code § 2802 was in full force and effect and binding upon employer.  Labor Code § 2802, states, in pertinent part:

    (a)    An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

41.    At all times relevant hereto, defendant violated Labor Code § 2802 by refusing to pay an amount equivalent to a lease payment for a mid-size automobile, and refusing to reimburse JOYCE for business-related automobile expenses incurred by JOYCE.

42.    At all times relevant hereto, Labor Code § 2802 (b) was in effect and applicable to defendant.  Labor Code § 2802(b) entitles JOYCE to recover interest from the date of loss incurred by defendant's violation of Labor Code § 2802(a).  Labor Code § 2802(c) was also in effect and relevant hereto, entitling JOYCE to recover "all reasonable costs" including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

WHEREFORE plaintiff JOYCE prays for judgment against defendant MIDWESTERN as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(UNFAIR COMPETITION --**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, ET SEQ)**
**AGAINST ALL DEFENDANTS**

43.    Plaintiff realleges and incorporates herein by reference all preceding allegations against all defendants.

44.    At all times herein mentioned, the Unfair Competition Law (Business and Professions Code §§ 17200, et seq), which prohibits any unlawful unfair or fraudulent business act or practice, was in full force and effect.

9

45.    At all times during his employment with defendant pursuant to the Employment Contract, JOYCE depended upon the wages received from defendant for his livelihood.

46.    At all times during his employment with defendant pursuant to the Employment Contract, JOYCE suffered injury in fact and lost money as a result of the failure of defendant to pay for overtime worked, to pay his bonus, to pay all sums due at the time of the termination of his employment, to provide meal and rest breaks, and from defendant's failure to reimburse him for an amount equivalent to a lease payment for a mid-size automobile and for his business-related automobile expenses.  Such practices are unfair and in violation of Bus. and Prof. Code §§ 17200, et seq.

47.    Defendant's failure and refusal to comply with the California Labor Code and with the terms of Industrial Wage Order 7, by refusing to (1) pay JOYCE all overtime compensation earned by him pursuant to California law; (2) pay all wages as required at the time of an employee's discharge or termination and (3) permit its employees to take rest periods and meal breaks, as well as defendant's refusal to reimburse JOYCE in an amount equivalent to the full amount of a lease payment for his business vehicle and for his automotive expenses placed it in a superior economic position to employers who complied with California and federal labor laws and thus constituted unlawful business practices prohibited by Bus. and Prof. Code §§17200, et seq.

48.    JOYCE requests an order requiring defendant to restore to all past and present employees all overtime compensation unlawfully withheld pursuant to Bus. & Prof. Code § 17203, to pay bonus funds unlawfully withheld, to pay premium pay for the denial of rest and meal breaks, pursuant to Labor Code § 226.7, and to reimburse him for an amount equivalent to the payment for a lease of a mid-size automobile and business-related automotive expenses.

10

# PRAYER FOR RELIEF

Plaintiff JOYCE requests relief as follows:

1.    For compensatory damages according to proof for defendant MIDWESTERN'S failure and refusal to pay all overtime worked by JOYCE, and for interest thereon pursuant to Labor Code § 1194;

2.    For the unpaid bonus owed to JOYCE

3.    For expenses in an amount equivalent to a lease payment of a mid-size automobile, for all automotive expenses incurred by JOYCE in the performance of his duties as MIDWESTERN's employee, and any other unpaid job-related expenses incurred by JOYCE but unpaid by MIDWESTERN;

4.    For premium pay pursuant to Labor Code § 226.7(b) for failure to permit rest breaks and meal breaks;

5.    For waiting time penalties of 30 days wages for JOYCE pursuant to Labor Code § 203;

6.    For an award of reasonable attorneys' fees pursuant to Labor Code § 218.5 for failure to pay wages; pursuant to Labor Code § 1194(a) for recovery of overtime pay; Labor Code § 2802(c) and any other applicable statute or legal principle;

7.    For interest on all unpaid wages, pursuant to Labor Code § 218.6, and on all unpaid overtime, pursuant to Labor Code § 1194(a);

8.    For compensatory damages arising from breach of contract;

9.    For costs of suit; and

10.   For such other and further relief as the Court may deem proper.

DATED: August 31, 2007

THE WRIGHT LAW FIRM

By: _____
Sarah S. Wright
Attorney for Plaintiff KEVIN JOYCE

11



# MIDWESTERN
## WHOLESALERS, INC.

4832 Plank Rd., P.O. Box 809
Norwalk, Ohio 44857
419-668-1610

November 15, 1995

Kevin Joyce
San Mateo, CA

Dear Kevin,

Welcome aboard!!!  We are all looking forward to working with you on the Western markets. We know you'll do a bang up job.

As we discussed, below are the highlights of our employment package:

1. **Salary:** $1,000.00 per week - mailed on Tues. following work week.
2. **Bonus:**

| If sales reach | Your year end bonus |
|---|---|
| $1,500,000 | $ 2,500.00 |
| 2,000,000 | 5,000.00 |
| 2,500,000 | 7,500.00 |
| 3,000,000 | 10,000.00 |

   Vacation - 2 wks. after 6 mos. - 3 wks. after 1 year.

4. Onetime bonus - $4,000.00 paid with first paycheck
   This is to help set up an office in Kevin's home.
5. Severance - If Midwestern Wholesalers terminates or lays off Kevin, before Jan. 1, 1998, they will continue his pay for four (4) additional weeks.
6. Automobile and expenses - Midwestern will pay to Kevin an amount equal to a lease payment for a midsize automobile. Kevin may choose the actual size and type vehicle he drives. The vehicle should be presentable and professional. Mildwestern will pay for all normal auto expenses not normally covered by a lease.
7. Insurance - Standard health policy. Current policy is $250/pp deductible, 80% co-insurance on the next $5,000/pp, 100% thereafter. Max. 3 deductibles per family, max $2,000 per family co-insurance.

Kevin all the above should be as we discussed, but if you have any questions please call.

I'm looking forward to many fine years.

Sincerely,

Jeffrey R. Bleile

# MIDWESTERN WHOLESALERS, INC.
## STANDARD REPRESENTATIVE CONTRACT

This agreement is made and entered into on the 1ˢᵗ day of June, 2006 by and between Midwestern Wholesalers, Inc., 4832 Plank Road, P.O. Box 809, Norwalk, OH 44857 known as principal, and Kevin M. Joyce, 35 Buena Vista, Novato, CA 94947, hereinafter called representative.

WITTNESSETH THAT:
In consideration of the mutual covenants herein contained, the parties hereto agree as follows:

1.  RELATIONSHIP:
    Principal hereby appoints Kevin M. Joyce as representative, and the Representative agrees to act as Principal's selling representative of products and services as listed in section three of the agreement in the area described in section two hereof.

2.  TERRITORY:
    The territory in which the representative is authorized on behalf of the principal is:
            California
            Nevada
            Arizona

3.  SERVICE:
    Calling on the Highway Products market in the assigned territory to promote the specification and sale of Midwestern Wholesalers, Inc. products and services.

    The representative shall present and maintain himself in a professional and businesslike manner at all times he is acting on behalf of the principal and/or in the presence of the principals' customers and prospective customers.

    The Representative shall initiate and maintain regular weekly contact with his customers in order to properly service the customers needs and help organize, schedule and relay to the home office, the present and future needs of the customers and potential customers.

                                        Kevin Joyce---Page 1

The representative shall maintain at his own expense, a "business only" telephone with an answering device or service, a fax machine and a cellular telephone, each of which shall be monitored and replied to in a professional and businesslike way.

4.    PRICING:
The representative shall obtain all product pricing from the principal.  While the representative may suggest pricing, it is up to the principal to give pricing to the representative.  The representative may increase the principals pricing, if he determines it is in the best interest of the principal and the representative, however, the representative may not reduce the price from the principal to the customer, without the principals' approval.

5.    COMMISSIONS:
The Principal agrees to pay the representative, as full compensation for services performed by the representative, according to the commission schedule "A", as delineated on page four of this agreement.  The commissions shall be paid monthly, on the third Monday following the actual month of invoice to the customer.

6.    EXCLUSIVITY:
The service of the representative to the principal shall NOT be exclusive.  The representative may, at his option, represent other companies in addition to the principal.  However the representative may not represent other companies or items, who or which are in competition with the principals' business.

The representative shall inform the principal if the representative represents any business which the principal may be transacting business with.

7.    LIABILITY:
It is mutually agreed by the parties hereto that the representative is a sales representative acting on his behalf and being compensated for the same, soley on a commission basis computed on sales made for the principal.

Notwithstanding the provisions for the immediately proceeding paragraph, however, the representative agrees to save the principal harmless from any personal injury which may result to the representative while the representative is acting as such for the principal, without regard to the manner in which such liability might arise.  The representative further agrees that when he uses any motor-driven vehicle or any other conveyance with the obtaining of orders, or any other activity authorized by this contract on behalf of the principal, he will buy public liability insurance.

Kevin Joyce---Page 2

9.    GENERAL:

The principal agrees to furnish the representative, without cost to the representative, such assistance as is practical by the supplying of catalogs, drawings, information and such literature as may be issued from time to time.

The principal will also furnish personal assistance from the home office to assist the representative from time to time, when the principal, in its' sole discretion, shall determine that such assistance may be justified in the best interest of both parties, hereto.

8.    ASSIGNMENT AND CANCELATION:

It is expressly agreed that this contract is not subject to assignment or transfer without written permission from the principal and that same may be determined upon thirty (30) days notice in writing by either party upon violation of any agreement by the other party. The contract may be reviewed on the anniversary date of each year.

IN WITNESS WHEREOF, the PRINCIPAL has caused the present to be executed by its' proper officers, and the REPRESENTATIVE has set his hand and affixed his seal, the date and year above written.

Midwestern Wholesalers, Inc.

BY:_____       DATE:_____
     Jeffrey R. Bleile
     President

BY:_____       DATE:_____
     Kevin M. Joyce
     Proprietor

Kevin Joyce---Page 3

SCHEDULE "A"

COMMISSIONS*:

3% on Net Sales (Net Invoice Amount). Net Sales will be determined by the net Dollars remitted to Midwestern Wholesalers, Inc. Freight will be excluded/deducted from the commission calculation.

Exclusions: The following customers shall be excluded from the Representatives sales and no Commission shall be paid to the representative:

> The State of California
> J. H. Baxter Co., llc.
> Crown Fence
> Modern Alloys
> Coral Construction
> Surface Constructors
> Interstate Sales
> Arizona Highway Safety

The principal may exclude other customers at the specific request of the customer. .
The principal may remove customers from the exclusion list, at its option.

Kevin Joyce—Page 4

**Exhibit 2**

# SUPERIOR COURT OF CALIFORNIA
## County of Marin
3501 Civic Center Drive
P.O. Box 988
San Rafael, CA 94913-0988

### NOTICE TO PLAINTIFFS

### CIVIL TRIAL DELAY REDUCTION PROGRAM
### REQUIRES PROCEDURES AND TIME LINES TO BE MET

You must serve the following documents, which you will receive from the Court Clerk's office, with the complaint, on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and *Proof of Service* must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 120 days from the filing of the Complaint. The exact date and judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of Alternative Dispute Resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client. It will increase the possibility of your client's case being resolved at an early, and less expensive, stage of the proceedings. All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case.

You are required to complete and return the ADR Information Form, ADR-100 or ADR-101, within 10 days of the resolution of the dispute.

Telephonic appearances at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days prior to the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
P.O. Box 4988
San Rafael, CA 94913-4988

**FILED**

AUG 1 4 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: L. Manga, Deputy

| PLAINTIFF: Joyce | CASE NO. CV 073835 |
|---|---|
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** |
| DEFENDANT: Midwestern | |

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC - Civil Rules).

Pursuant to CRC 213, this case is assigned to Judge _____ **LYNN DURYEE** _____, Department **1**. This assignment is for all purposes.

MCSC Civil Rule 1.23 and CRC 201.7(b) and 201.9(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 201.7(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1.  IT IS ORDERED that the parties/counsel to this action shall:

    a.  Comply with the filing and service deadlines in MCSC Civil Rules 1.23 and CRC 201.7, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

    Hearing on Failure to File Proof of Service     10 /25 /07     9:00 A.M.

    Hearing on Failure to Answer     11 /27 /07     9:00 A.M.

    b.  Appear for a Case Management Conference on     01 /08 /08     9:00 A.M.

2.  Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3.  You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. Counsel must discuss ADR options with their clients prior to attending the CMC and should be prepared to discuss with the court their authority to participate in ADR.

4.  Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC. (A $49.00 sanction will be charged for late filing of a statement.)

    Case Management Statement must be filed by   12 /21 /07

5.  All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings may be obtained by calling (415) 473-7545 from 2:00 p.m. to 4:30 p.m. the court day preceding the scheduled hearing.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address and telephone #):* | FOR COURT USE ONLY |
|---|---|
| STATE BAR NO:<br>ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN<br>3501 Civic Center Drive<br>P. O. Box 4988<br>San Rafael, CA  94913-4988 | |

| STIPULATION TO USE OF<br>ALTERNATIVE DISPUTE RESOLUTION PROCESS | CASE NUMBER: |
|---|---|

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.

Dated _____

Attorney For _____

_____

Dated _____

Attorney For _____

_____

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:       FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

**PLAINTIFF/PETITIONER:**

**DEFENDANT/RESPONDENT:**

| EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ☐ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE | CASE NUMBER: |
|---|---|

## APPLICATION

HEARING DATE:

DEPT.:       TIME:

1. Applicant *(name):*
   is
   a. ☐ plaintiff
   b. ☐ cross-complainant
   c. ☐ petitioner
   d. ☐ defendant
   e. ☐ cross-defendant
   f. ☐ respondent
   g. ☐ other *(describe):*

2. The complaint or other initial pleading in this action was filed on *(date):*

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☐ Complaint
   b. ☐ Cross-complaint
   c. ☐ Petition
   d. ☐ Answer or other responsive pleading
   e. ☐ Other *(describe):*

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date):*

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☐ None
   b. ☐ The following *(describe all, including the length of any previous extensions):*

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each):*

Form Approved for Optional Use
Judicial Council of California
CM-020 [Rev. January 1, 2007]

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

Page 1 of 2
Cal. Rules of Court,
rules 3.110, 3.1200–3.1207
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| CASE NAME: | CM-020 |
|---|---|
| | CASE NUMBER: |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed):*

☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date):*

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons):*

☐ Continued on Attachment 10.

11. Number of pages attached: ____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____     ▶     _____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)          (SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below or ☐ on a separate document.

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.
2. The pleading must be served and filed no later than *(date):*
3. ☐ The case management conference is rescheduled to:
   a. Date:
   b. Time:
   c. Place:
4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

_____
JUDICIAL OFFICER

**EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ORDERS**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

**CM-110**

FOR COURT USE ONLY

TELEPHONE NO.:            FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one):    ☐ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | |

| A CASE MANAGEMENT CONFERENCE is scheduled as follows: |
|---|
| Date:      Time:      Dept.:      Div.:      Room:<br>Address of court *(if different from the address above):* |

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in   ☐ complaint     ☐ cross-complaint     *(describe, including causes of action):*

| PLAINTIFF/PETITIONER: | | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | CASE NUMBER: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____        ►  _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

_____        ►  _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

| PLAINTIFF/PETITIONER: | CASE NUMBER: | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

[  ] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request [  ] a jury trial [  ] a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial)*:

6. **Trial date**
   a. [  ] The trial has been set for *(date)*:
   b. [  ] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*:

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)*:
   a. [  ] days *(specify number)*:
   b. [  ] hours (short causes) *(specify)*:

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial [  ] by the attorney or party listed in the caption [  ] by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   [  ] Additional representation is described in Attachment 8.

9. **Preference**
   [  ] This case is entitled to preference *(specify code section)*:

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel [  ] has [  ] has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. [  ] All parties have agreed to a form of ADR. ADR will be completed by *(date)*:
    c. [  ] The case has gone to an ADR process *(indicate status)*:

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CM-110 |
|---|---|
| DEFENDANT/RESPONDENT: | CASE NUMBER: |

**10. d.** The party or parties are willing to participate in *(check all that apply)*:

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

FAX NO. *(Optional)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **NOTICE OF STAY OF PROCEEDINGS** | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT.: |

**To the court and to all parties:**

1.  Declarant *(name)*:

    a. ☐ is ☐ the party ☐ the attorney for the party who requested or caused the stay.

    b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2.  This case is stayed as follows:

    a. ☐ With regard to all parties.

    b. ☐ With regard to the following parties *(specify by name and party designation)*:

3.  Reason for the stay:

    a. ☐ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

    b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

    c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

    d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

    e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶

_____
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Page 1 of 1
Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

CM-181

FOR COURT USE ONLY

TELEPHONE NO.:                          FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:                                          CASE NUMBER:

DEFENDANT/RESPONDENT:                                         DEPT.:

## NOTICE OF TERMINATION OR MODIFICATION OF STAY

JUDICIAL OFFICER:

**To the court and all parties:**

1. A *Notice of Stay of Proceedings* was filed in this matter on *(date):*

2. Declarant named below is

   a. ☐ the party    ☐ the attorney for the party   who requested or caused the stay.

   b. ☐ other *(describe):*

3. ☐ The stay described in the above referenced *Notice of Stay of Proceedings*

   a. ☐ has been vacated by an order of another court. *(Attach a copy of the court order.)*

   b. ☐ is no longer in effect.

4. ☐ The stay has been modified *(describe):*

5. The stay has been vacated, is no longer in effect, or has been modified

   a. ☐ with regard to all parties.

   b. ☐ with regard to the following parties *(specify by name and party designation):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____                    ▶    _____
(TYPE OR PRINT NAME OF DECLARANT)                           (SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use
Judicial Council of California
CM-181 [Rev. January 1, 2007]

NOTICE OF TERMINATION OR MODIFICATION OF STAY

Page 1 of 2
Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF: | | CM-181 |
|---|---|---|
| DEFENDANT: | CASE NUMBER: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF TERMINATION OR MODIFICATION OF STAY

*(NOTE: You cannot serve the Notice of Termination or Modification of Stay if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

2. I served a copy of the *Notice of Termination or Modification of Stay* by enclosing it in a sealed envelope with postage fully prepaid and *(check one)*:
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Termination or Modification of Stay* was mailed:
   a. on *(date)*:
   b. from *(city and state)*:

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(F).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶          _____
(TYPE OR PRINT NAME OF DECLARANT)                        (SIGNATURE OF DECLARANT)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

CM-200

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

## NOTICE OF SETTLEMENT OF ENTIRE CASE

CASE NUMBER:

JUDGE:

DEPT.:

### NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is unconditional. You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is conditional. Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:

1. This entire case has been settled. The settlement is:

   a. ☐ **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.
   Date of settlement:

   b. ☐ **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than *(date):*

2. Date initial pleading filed:

3. Next scheduled hearing or conference:

   a. Purpose:

   b. ☐ (1) Date:

       (2) Time:

       (3) Department:

4. Trial date:

   a. ☐ No trial date set.

   b. ☐ (1) Date:

       (2) Time:

       (3) Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____           ▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 [Rev. January 1, 2007]

## NOTICE OF SETTLEMENT OF ENTIRE CASE

Page 1 of 2
Cal. Rules of Court, rule 3.1385
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: | CASE NUMBER: | CM-200 |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the Notice of Settlement of Entire Case if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
    a. ☐ deposited the sealed envelope with the United States Postal Service.
    b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Settlement of Entire Case* was mailed:
    a. on *(date):*
    b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
    a. Name of person served:

    Street address:
    City:
    State and zip code:

    b. Name of person served:

    Street address:
    City:
    State and zip code:

    c. Name of person served:

    Street address:
    City:
    State and zip code:

    d. Name of person served:

    Street address:
    City:
    State and zip code:

    ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*
5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶

_____
(SIGNATURE OF DECLARANT)

| MEDIATOR *(Name and Address):* | | ADR-100 |
|---|---|---|
| | | FOR COURT USE ONLY |

TELEPHONE NO.:

E-MAIL ADDRESS *(Optional):*    FAX NO. *(Optional):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME:

| **STATEMENT OF AGREEMENT OR NONAGREEMENT** ☐ First   ☐ Supplemental | CASE NUMBER: |
|---|---|

**NOTE: This form must be used by mediators in the Civil Action Mediation Program (Code Civ. Proc., § 1775 et seq.) and in the Early Mediation Pilot Program (Code Civ. Proc., § 1730 et seq.).**

1.  This case was filed on *(date if known):*

2.  I was selected as the mediator in this matter on *(date):*

3.  Mediation *(check one):*
    a. ☐  did not take place.
        (1) ☐ A party who was ordered to appear at the mediation did not appear.
        (2) ☐ Other reason *(please specify without disclosing any confidential information):*

    b. ☐  took place on *(date or dates):*
        and lasted a total of _____ hours.

4.  ☐  The mediation has not ended. I submit this form to comply with the court's requirement to do so by a specified date.

5.  The mediation ended *(check one):*
    a. ☐  in full agreement by all parties on *(date):*
    b. ☐  in partial agreement
        (1) ☐ in full agreement as to the following parties:
            on *(date):*
        (2) ☐ in full agreement as to limited issues on *(date):*
    c. ☐  in nonagreement.

Date:

_____          ▶
        (TYPE OR PRINT NAME)                            (SIGNATURE OF MEDIATOR)

**NOTE: Within 10 days of the conclusion of the mediation or, when applicable, by the deadline set by the court, the mediator must serve a copy of this statement on all parties and file the original, with proof of service, with the court clerk. The proof of service on the back of this form may be used.**

Form Adopted for Mandatory Use
Judicial Council of California
ADR-100 [Rev. January 1, 2003]

**STATEMENT OF AGREEMENT OR NONAGREEMENT**

Page 1 of 2
Code of Civil Procedure, §§ 1739, 1775.9

American LegalNet, Inc.
www.USCourtForms.com

| CASE NAME: | CASE NUMBER: |
| --- | --- |

## PROOF OF SERVICE

☐ **Mail**    ☐ **Personal Service**

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is *(specify):*

3. I mailed or personally delivered a copy of the *Statement of Agreement or Nonagreement* as follows *(complete either a or b):*
   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope and
         (a) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) ☐ placed the envelope for collection and mailing on the date and at the place shown in items below, following
             our ordinary business practices. I am readily familiar with this business's practice for collecting and processing
             correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is
             deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with
             postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:



         (c) Date of mailing:
         (d) Place of mailing *(city and state):*

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:


      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ►  _____
       (TYPE OR PRINT NAME)                              (SIGNATURE OF DECLARANT)

**PROOF OF SERVICE FOR
STATEMENT OF AGREEMENT OR NONAGREEMENT**

NAME OF COURT:

# ADR Information Form

> This form should be filled out and returned,
> within 10 days of the resolution of the dispute, to: ▶

1. Case name: _____    No. _____
2. Type of civil case: ☐ PI/PD-Auto    ☐ PI/PD-Other    ☐ Contract    ☐ Other *(specify):* _____
3. Date complaint filed _____    Date case resolved _____
4. Date of ADR conference _____    5. Number of parties _____
6. Amount in controversy    ☐ $0–$25,000    ☐ $25,000–$50,000    ☐ $50,000–$100,000    ☐ over $100,000 *(specify):* _____
7. ☐ Plaintiff's Attorney    ☐ Cross Complainant's Attorney    8. ☐ Defendant's Attorney    ☐ Cross Defendant's Attorney

NAME _____    NAME _____

ADDRESS _____    ADDRESS _____

( ____ ) _____    ( ____ ) _____
TELEPHONE NUMBER    TELEPHONE NUMBER

9. Please indicate your relationship to the case:

☐ Plaintiff    ☐ Plaintiff's attorney    ☐ Defendant    ☐ Defendant's attorney
☐ 3rd party defendant    ☐ 3rd party defendant's attorney    ☐ Other *(specify):* _____

10. Dispute resolution process:

☐ Mediation    ☐ Arbitration    ☐ Neutral case evaluation    ☐ Other *(specify):* _____

11. How was case resolved?

a. ☐ As a direct result of the ADR process.
b. ☐ As an indirect result of the ADR process.    c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.

☐ $0    ☐ $250    ☐ $500    ☐ $750    ☐ $1,000    ☐ more than $1,000 *(specify):* $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:

☐ $0    ☐ $250    ☐ $500    ☐ $750    ☐ $1,000    ☐ more than $1,000 *(specify):* $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:

☐ 0    ☐ 1 day    ☐ more than 1 day *(specify):* _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:

☐ 0    ☐ 1 day    ☐ more than 1 day *(specify):* _____

16. Would you be willing to consider using this dispute resolution process again?    ☐ Yes    ☐ No

Form Adopted by the
Judicial Council of California
ADR-101 [New March 1, 1994]

ADR INFORMATION FORM

American LegalNet, Inc.
www.USCourtForms.com

**PROOF OF SERVICE**

I am employed in the county of Kern, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4550 California Avenue, Bakersfield, California 93309.

On **October 22, 2007**, I served the foregoing document described as follows:

**DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§1332 AND 1441 (DIVERSITY)**

[X]  by placing the true copies thereof

[ ]  by placing the original

addressed as follows:

Sarah S. Wright, Esq.
The Wright Law Firm
340 Redwood Highway, Ste. F229
San Rafael, CA 94903
Attorney for Plaintiff

[X]  **BY MAIL**    I enclosed such document in sealed envelope(s) with the name(s) and address(s) of the person(s) served as shown on the envelope(s) and caused such envelope(s) to be deposited in the mail at Bakersfield, California.  The envelope(s) was/were mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **BY FACSIMILE**    I placed such document in a facsimile machine (pursuant to *California Rules of Court,* Rule 2003(3)) on _____, at _____, with the fax number of (661)326-0418.  Upon facsimile transmission of the document, I obtained a report from the transmitting facsimile machine stating that the facsimile transmission was complete and without error.  A copy of the transmission report is attached to this Proof of Service pursuant to *California Rules of Court,* Rule 2008(e).

[ ]  **BY ELECTRONIC MAIL**

[ ]  **BY OVERNIGHT MAIL SERVICE**

[ ]  **BY PERSONAL SERVICE**    I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB, & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

1    Executed on **October 22, 2007**, at Bakersfield, California.

2    ☐  (State)    I declare under penalty of perjury under the laws of the State of California that
     the above is true and correct.

3

4    ☒  (Federal)    I declare that I am employed in the office of a member of the bar of this
     court at whose direction the service was made.

5

6    Paula Smith                                          _Paula Smith_
     Type or Print Name                                        Signature

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF KERN**

1

2       I am employed in the county of Kern, State of California. I am over the age of 18 and not a party

3   to the within action; my business address is 4550 California Avenue, Bakersfield, California 93309.

4       On **October 23, 2007**, I served the foregoing document described as follows:   **Notice to**
    **Adverse Party of Removal of Action to Federal Court.**

5

6   [X]    by placing the true copies thereof

7   [ ]    by placing the original

8       addressed as follows:
        **Sarah S. Wright**
9       **The Wright Law Firm**
        **4340 redwood Highway, Suite F229**
        **San Rafael, CA 94903**

10

11  [ ]    **BY MAIL**    I enclosed such document in sealed envelope(s) with the name(s) and address(s) of
        the person(s) served as shown on the envelope(s) and caused such envelope(s) to be deposited in
12      the mail at Bakersfield, California. The envelope(s) was/were mailed with postage thereon fully
        prepaid. I am "readily familiar" with the firm's practice of collection and processing
13      correspondence for mailing. It is deposited with the U.S. postal service on that same day in the
        ordinary course of business. I am aware that on motion of party, service is presumed invalid if
14      postal cancellation date or postage meter date is more than one day after date of deposit for
        mailing in affidavit.

15  [ ]    **BY FACSIMILE**    I placed such document in a facsimile machine (pursuant to *California*
        *Rules of Court,* Rule 2003(3)) on _____, at _____, with the fax number of
16      (661)326-0418. Upon facsimile transmission of the document, I obtained a report from the
        transmitting facsimile machine stating that the facsimile transmission was complete and without
17      error. A copy of the transmission report is attached to this Proof of Service pursuant to
        *California Rules of Court,* Rule 2008(e).

18

19  [ ]    **BY ELECTRONIC MAIL**

20  [X]    **BY OVERNIGHT MAIL SERVICE**

21  [ ]    **BY PERSONAL SERVICE**        I caused such envelope(s) to be delivered by hand to the
        offices of the addressee(s).

22

23      Executed on October 23, 2007, at Bakersfield, California.

24  [X]    (State)    I declare under penalty of perjury under the laws of the State of California that the
        above is true and correct.

25

26  [ ]    (Federal)    I declare that I am employed in the office of a member of the bar of this court at
        whose direction the service was made.

27  Paula Smith _____          *Paula Smith*
    Type or Print Name                                    Signature

28

---

**KLEIN, DeNATALE, GOLDNER,**
**COOPER, ROSENLIEB, & KIMBALL, LLP**
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

## PROOF OF SERVICE

I am employed in the county of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 4550 California Avenue, Bakersfield, California 93309.

On **October 25, 2007,** I served the foregoing document described as follows:

**NOTICE OF SERVING ON PLAINTIFF AND FILING WITH STATE COURT THE "NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT."**

| X | by placing the true copies thereof |
|---|---|
|   | by placing the original |

addressed as follows:

Sarah S. Wright, Esq.
The Wright Law Firm
340 Redwood Highway, Ste. F229
San Rafael, CA 94903
Attorney for Plaintiff

| X | **BY MAIL** I enclosed such document in sealed envelope(s) with the name(s) and address(s) of the person(s) served as shown on the envelope(s) and caused such envelope(s) to be deposited in the mail at Bakersfield, California. The envelope(s) was/were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
|---|---|

|   | **BY FACSIMILE** I placed such document in a facsimile machine (pursuant to *California Rules of Court,* Rule 2003(3)) on _____, at _____, with the fax number of (661)326-0418. Upon facsimile transmission of the document, I obtained a report from the transmitting facsimile machine stating that the facsimile transmission was complete and without error. A copy of the transmission report is attached to this Proof of Service pursuant to *California Rules of Court,* Rule 2008(e). |
|---|---|

| x | **BY ELECTRONIC MAIL** I caused the above-mentioned documents to be mailed electronically to plaintiff's counsel, Sarah S. Wright, at wright_law@sbcglobal.net, in accordance with General Order No. 45, section IX A and B, regarding electronic case filing. |
|---|---|

|   | **BY OVERNIGHT MAIL SERVICE** |
|---|---|

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB, & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

1

☐ **BY PERSONAL SERVICE**    I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

2

Executed on **October 25, 2007**, at Bakersfield, California.

3

4

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

5

6

☒ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

7

8

Paula Smith
Type or Print Name

Signature

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28