1  Jeffrey W. Noe, State Bar No. 167387
   KLEIN, DENATALE, GOLDNER,
2    COOPER, ROSENLIEB & KIMBALL, LLP
   4550 California Avenue, Second Floor
3  Bakersfield, California 93309
   P.O. Box 11172
4  Bakersfield, California 93389-1172
   Telephone: (661) 395-1000
5  Facsimile: (661) 326-0418
   Email: jnoe@kleinlaw.com
6
   Attorneys for Defendant,
7  AMERICAN TIMBER AND STEEL CO., INC.,
   sued herein and f/k/a MIDWESTERN WHOLESALERS, INC.
8
9              UNITED STATES DISTRICT COURT
10  NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO/OAKLAND DIVISION
11

| KEVIN JOYCE, | Case No.: C 07-05404 JCS |
|---|---|
| Plaintiff, | **PROOF OF SERVICE** |
| v. | |
| MIDWESTERN WHOLESALERS, INC., an Ohio corporation, and DOES 1 through 50, inclusive, | |
| Defendants. | |

**PROOF OF SERVICE**

I am employed in the county of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 4550 California Avenue, Bakersfield, California 93309.

On **October 25, 2007**, I served the foregoing document described as follows:

1. Order Setting Initial Case management Conference and ADR Deadlines.

2. Notice of Assignment of Case to a United States Magistrate Judge for Trial.

3. ECF Registration Information handout.

4. Case Management Conference Order [all cases] (unsigned, and dated January 30, 2001).

5. Standing Order (Signed by Joseph C. Spero on February 26, 2003).

6. Standing Order for all Judges of the Northern District of California.

8. Filing Guidelines.

9. Proof of Service.

[X] by placing the true copies thereof
[ ] by placing the original
addressed as follows:

Sarah S. Wright, Esq.
The Wright Law Firm
340 Redwood Highway, Ste. F229
San Rafael, CA 94903
Attorney for Plaintiff

[X] **BY MAIL**  I enclosed such document in sealed envelope(s) with the name(s) and address(es) of the person(s) served as shown on the envelope(s) and caused such envelope(s) to be deposited in the mail at Bakersfield, California. The envelope(s) was/were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE**  I placed such document in a facsimile machine (pursuant to *California Rules of Court,* Rule 2003(3)) on _____, at _____, with the fax number of (661)326-0418. Upon facsimile transmission of the document, I obtained a report from the transmitting facsimile machine stating that the facsimile transmission was complete and without error. A copy of the transmission report is attached to this Proof of Service pursuant to *California Rules of Court,* Rule 2008(e).

[x] **BY ELECTRONIC MAIL**  I caused the above-mentioned documents to be mailed electronically to plaintiff's counsel, Sarah S. Wright, at wright_law@sbcglobal.net, in accordance with General Order No. 45, section IX A and B, regarding electronic case filing.

Executed on **October 25, 2007**, at Bakersfield, California.

[ ] (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Paula Smith                                                   */s/ Paula Smith*
Type or Print Name                                            Signature

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

KEVIN JOYCE,

    Plaintiff(s),

v.

MIDWESTERN WHOLESALERS INC,
    Defendant(s).

No. C 07-05404 JCS

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

E-filing

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE - ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 10/23/2007 | Notice of removal filed | |
| 1/18/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R. 3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 2/1/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a)(1)<br>Civil L.R. 16-9 |
| 2/8/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm A, 15th Floor, SF at 1:30 PM | Civil L.R. 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT OF CASE
## TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge JOSEPH C. SPERO.

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

MARY ANN BUCKLEY

MagAssnNtc-2-03.wpd

```
 1
 2
 3
 4
 5
 6                         UNITED STATES DISTRICT COURT
 7                        NORTHERN DISTRICT OF CALIFORNIA
 8
 9                                              No. C
10            Plaintiff(s),                     CONSENT TO PROCEED BEFORE A
                                                UNITED STATES MAGISTRATE JUDGE
11       v.
12
13            Defendant(s).
                                       /
14  _____
15       CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE
16       In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party
17  hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further
18  proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the
19  judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.
20
21  Dated: _____        _____
                                          Signature
22
                                          Counsel for _____
23                                        (Plaintiff, Defendant or indicate "pro se")
24
25
26
27
28
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), | No. C |
| v. | **DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE** |
| Defendant(s). _____ / |  |

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated: _____     Signature_____
                                  Counsel for _____
                                  (Plaintiff, Defendant, or indicate "pro se")

**C 07 5404**

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. <u>This means that you **must**</u> (check off the boxes ☑ when done):

☐ 1) **Serve** <u>this</u> ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

<u>Each attorney representing a party must also</u>:

☐ 2) **Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

☐ 3) **Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ 4) Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

Page 1 of 3                                                                                                 Version 5/14/2007

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ 1) **Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ 2) **Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

☐ 3) **Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ 4) **PACER** (Public Access to Court Electronic Records) access is mandatory to access dockets and documents. If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers in this case shall be filed electronically.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

### Submitting Initiating Documents
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, Civil Cover Sheet, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

# U.S. District Court Northern California

**Submitting Initiating Documents** (continued)
You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines**
When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:**
The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
| --- | --- |
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from 9:00am to 4:00pm Pacific time, excluding court holidays.

United States District Court
For the Northern District of California

1
2
3
4                             UNITED STATES DISTRICT COURT
5                           NORTHERN DISTRICT OF CALIFORNIA
6
7                                              No.
8           Plaintiff(s),
                                               **CASE MANAGEMENT**
9      v.                                      **CONFERENCE ORDER**
10                                             [ALL CASES]
11          Defendant(s).
12 _____/
13
14          IT IS HEREBY ORDERED that, pursuant to Fed. R. Civ. P. 16 and Civil L.R. 16-10, a Case
15 Management Conference will be held in this case before the Honorable Joseph C. Spero on
16 _____, at 1:30 p.m., in Courtroom A, 15th Floor, U.S. District Court, 450
17 Golden Gate Avenue, San Francisco, California.
18          1.      Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all
19 parties to this action, and on any parties subsequently joined, in accordance with the provisions of
20 Fed. R. Civ. P. 4 and 5. Following service, plaintiff(s) shall file a certificate of service with the Clerk of this
21 Court.
22          2.      Counsel are directed to confer in advance of the Case Management Conference with
23 respect to the subjects detailed in Fed. R. Civ. P. 16(c), 26(f), and all of the agenda items listed below.
24 Not less than seven (7) days before the conference, counsel shall file a Joint Case Management Conference
25 Statement in compliance with Local Rule 16-9. In addition, the Joint Case Management Conference
26 Statement shall address each agenda item listed below. Failure to file a Joint Case Management
27 Conference Statement, without good cause, may subject a party to sanctions.
28

3. Each party shall be represented at the Case Management Conference by counsel (or a party if *in pro se*) prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

4. Any request to reschedule the above dates should be made in writing, and by stipulation, if possible, not less than ten (10) days before the conference date. Good cause must be shown.

5. The parties should be prepared to address and resolve at the Case Management Conference the matters set forth in Fed. R. Civ. P. 16(b) and (c).

6. Other agenda matters which the Court will address at the Case Management Conference include the following:

    a) The basis for this Court's subject matter jurisdiction and whether any issue exists regarding personal jurisdiction or venue;

    b) The factual and legal bases for plaintiff's claims, defendant's defenses, defendant's counterclaims and the defenses to those counterclaims;

    c) Any related proceedings, including any administrative proceedings, and any related cases pending before other judges of this court or before any other court;

    d) Whether all parties consent to the jurisdiction of a Magistrate Judge for all purposes, including trial and entry of judgment;

    e) A brief summary of the proceedings to date, including whether or not there has been full compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and, in patent cases, the schedule for compliance with Patent Local Rules 3-1 through 4-6;

    f) A description of all pending motions and their current status;

    g) A description of all motions expected before trial;

    h) The extent to which new parties will be added or existing parties deleted, deadlines for adding and deleting parties, and deadlines for amendment of pleadings;

    i) The extent to which evidentiary, claim construction, or class certification hearings are anticipated;

        j)      The scope of discovery to date and, separately, the scope of anticipated discovery, including limits that should be imposed on discovery and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f);

        k)      The extent to which any special discovery or other problems or issues have arisen or are expected;

        l)      Proposed deadlines and court dates, including trial date;

        m)      The expected length of trial, approximate number of witnesses, experts, exhibits, and whether a jury is demanded;

        n)      What damages and other relief are sought and what method is used to compute such damages;

        o)      ADR efforts to date and a specific ADR plan for the case;

        p)      The extent to which a special master should be involved in the case;

        q)      A service list for all counsel that includes telephone and fax numbers; and

        r)      Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action.

7.     As soon as a party has notice of this order, the party shall take such affirmative steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by the action.

8.     Motions for summary judgment shall be accompanied by a statement of the material facts not in dispute supported by citations to admissible evidence. The parties shall file a joint statement of undisputed facts where possible. If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree. Any party may then file a separate statement of the additional facts that the parties contends are undisputed. A party who, without substantial justification, contends that a fact is in dispute is subject to sanctions.

1    9.    The remainder of this order will apply to all discovery in this action. For good cause, the parties are invited to propose any modifications in their joint case management statement. Unless and until modified, however, the following provisions shall supplement the requirements of the Federal Rules of Civil Procedure and the local rules.

    10.    Counsel shall contact Judge Spero jointly by telephone before filing any discovery motions. If the Court determines that a formal discovery motion should be filed, counsel are directed to follow the procedures outlined in the Civil Local Rules and in this Order, unless otherwise specified at the time of the telephonic conference.

    11.    Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than 35 days notice pursuant to Civil L.R. 7-2. Alternatively, any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify that relief. In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L.R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a). The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate. A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).

    12.    In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

    13.    In searching for responsive materials in connection with Fed. R.Civ. P. 34 requests or for materials required to be disclosed under Fed. R. Civ. P. 26(a)(1), parties must search computerized files,

4

emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

14. To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

15. Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made. Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication, (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication, (c) the date of the communication, and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.

16. Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least thirty (30) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and place falling within thirty (30) days of the date noticed by the party seekin/g the deposition.

17. Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the

statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

18. Failure to comply with this Order or the Local Rules of this Court may result in sanctions. *See* Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

IT IS SO ORDERED.

Dated: January 30, 2001

_____
JOSEPH C. SPERO
United States Magistrate Judge

# STANDING ORDER

1. Civil Law and Motion is heard on Fridays, at 9:30 a.m. Criminal Law and Motion is heard on Fridays, at 10:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2. Case Management and Pretrial Conferences are heard on Fridays, at 1:30 p.m. Case Management Conferences will no longer be recorded, unless requested by the parties.

3. In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed Before a Magistrate Judge And Request For Reassignment to a United States District Judge Forms will be mailed to all parties. The parties are requested, within two weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

4. Parties with questions regarding scheduling of settlement conferences should contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez, at (415) 522-3691. All other scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

5. Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than thirty-five (35) days notice pursuant to Civil L.R. 7-2. Alternatively, any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify that relief. In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L.R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a). The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate. A declaration setting forth these meet and confer efforts and the final positions of each

1

1 | party shall be included in the moving papers. The Court will not consider discovery motions unless the
2 | moving party has complied with Fed. R. Civ. P. 37 and Civil L.R. 37-10(a).
3 |
4 |       6.      In all "e-filing" cases, when filing papers in connection with any motion for
5 | determination by a judge, the parties shall, in addition to filing papers electronically, lodge with
6 | chambers a printed copy of the papers by the close of the next court day following the day the papers
7 | are filed electronically. **These printed copies shall be marked "Chambers Copy" and shall be**
8 | **submitted directly to Magistrate Judge Spero's chambers in an envelope clearly marked with**
9 | **the judge's name, case number and "E-Filing Chambers Copy." Parties shall not file a paper**
10 | **copy of any document with the Clerk's Office that has already been filed electronically.**
11 |
12 |       7.      Any proposed stipulation or proposed order in a case subject to electronic filing shall
13 | be sent by email to <u>jcspo@cand.uscourts.gov.</u> This address is to be used only for proposed orders
14 | unless otherwise directed by the Court.
15 | IT IS SO ORDERED.
16 |
17 | Dated: February 26, 2003
18 |                         /s/ Joseph C. Spero
                        JOSEPH C. SPERO
19 |                         United States Magistrate Judge
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.  Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.  Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.  Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.  Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.  Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.  Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.  Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.  Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:  9:00 A.M. TO 4:00 P.M.
### 415.522.2000
www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy. For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1. Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned. We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2. This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use. Related cases require an extra copy for **each** related action designated.

3. The copy retained goes directly to the assigned Judge. Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4. In order to facilitate the file stamping process, each original document should be submitted on top of its copies. In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5. The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number. Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6. The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration **(ARB)**, Early Neutral Evaluation **(ENE)** or Mediation **(MED)**--if assigned to one of those programs.

7. The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made. This is especially important when submitting Settlement Conference Statements.

8. Documents are to be stapled or acco-fastened at the top. Backings, bindings and covers are not required. Two holes punched at the top of the original document will facilitate processing.

9. Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.