1  Jeffrey W. Noe, State Bar No. 167387
   KLEIN, DENATALE, GOLDNER,
2     COOPER, ROSENLIEB & KIMBALL, LLP
   4550 California Avenue, Second Floor
3  Bakersfield, California 93309
   P.O. Box 11172
4  Bakersfield, California 93389-1172
   Telephone: (661) 395-1000
5  Facsimile: (661) 326-0418
   Email:  jnoe@kleinlaw.com
6
7  Attorneys for Defendant and Counterclaimant,
   AMERICAN TIMBER AND STEEL CO., INC.,
8  sued herein and f/k/a MIDWESTERN WHOLESALERS, INC.

9                 UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO/OAKLAND DIVISION

11

12  KEVIN JOYCE,                          Case No.  C 07-5404 JCS

13              Plaintiff,
                                          **I.    ANSWER TO THE FIRST**
14       v.                                      **AMENDED COMPLAINT**

15  MIDWESTERN WHOLESALERS, INC., an      **II.   AFFIRMATIVE DEFENSES TO**
    Ohio corporation, and                        **THE FIRST AMENDED**
16  DOES 1 through 50, inclusive,                 **COMPLAINT**

17              Defendants.               **III.  COUNTERCLAIM**

18  ─────────────────────────────

19  AMERICAN TIMBER AND STEEL CO.,
    INC., f/k/a MIDWESTERN
19  WHOLESALERS, INC., an Ohio corporation,

20              Counterclaimant,

21       v.

22  KEVIN JOYCE, an individual, and
    ROES 1 through 10, inclusive,         Complaint Filed:    August 14, 2007
23                                        Trial Date:         None
                Counter-Defendants.
24

25

26  **I.    ANSWER.**

27       Defendant American Timber and Steel Co., Inc., sued herein and formerly known as

28  Midwestern Wholesalers, Inc. ("American Timber"), answers the "First Amended Complaint for

*(left margin, vertical text)* KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP / 4550 CALIFORNIA AVENUE, SECOND FLOOR / BAKERSFIELD, CALIFORNIA 93309

Damages (Employment)" filed by Kevin Joyce on September 5, 2007, in the Marin County Superior Court, prior to the removal of this action to federal court, as follows:

1. American Timber lacks information sufficient to admit or deny the allegations contained in paragraph 1 of the complaint.

2. American Timber admits that some of the acts giving rise to Joyce's complaint occurred in California.

3. American Timber admits that it (including the name it was previously known as) was and is an Ohio corporation doing business in California.  American Timber denies the remaining allegations in paragraph 3.

4. American Timber lacks information sufficient to admit or deny the allegations in paragraph 4.

5. American Timber lacks information sufficient to admit or deny the allegations in paragraph 5.

6. American Timber admits that in or about November 1995, it agreed to employ and compensate Joyce for selling American Timber's products.  American Timber denies the remaining allegations in paragraph 6.

7. American Timber admits that it agreed, at the time it hired Joyce, to provide the compensation set forth in Exhibit 1 to the complaint, subject to the terms and conditions applicable to Joyce's employment, including Joyce's loyal and faithful service.  American Timber denies the remaining allegations in paragraph 7.

8. American Timber admits that in or about January 2005, Joyce's employment was terminated.

9. American Timber denies the allegations in paragraph 9.

10. American Timber admits that in or about June 2006, it and Joyce entered into an agreement under which Joyce would act as a representative of American Timber.  American Timber denies the remaining allegations in paragraph 10.

11. American Timber admits the allegations in paragraph 11.

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1    12.    American Timber incorporates by reference its responses to paragraphs 1 through

2    11 of the complaint.

3    13.    American Timber denies the allegations in paragraph 13.

4    14.    American Timber admits that Joyce could qualify for a bonus based on the

5    amount of certain sales, and subject to certain terms and conditions.  American Timber denies

6    the remaining allegations of paragraph 14.

7    15.    American Timber admits that it offered to pay certain expenses related to a car

8    driven by Joyce, subject to certain terms and conditions.  American Timber lacks information

9    sufficient to admit or deny the allegations contained in the second sentence of paragraph 15.

10    American Timber denies all remaining allegations of paragraph 15.

11    16.     American Timber admits that it offered to pay certain expenses related to a car

12    driven by Joyce, subject to certain terms and conditions.  American Timber denies all remaining

13    allegations of paragraph 16.

14    17.    American Timber denies the allegations in paragraph 17.

15    18.    American Timber incorporates by reference its responses to paragraphs 1 through

16    17 of the complaint.

17    19.    American Timber denies the allegations in paragraph 19.

18    20.    American Timber denies the allegations in paragraph 20.

19    21.    American Timber denies the allegations in paragraph 21.

20    22.    American Timber denies the allegations in paragraph 22.

21    23.    American Timber incorporates by reference its responses to paragraphs 1 through

22    22 of the complaint.

23    24.    Paragraph 24 purports to explain certain provisions of Labor Code section 512,

24    the contents of which speak for themselves.  American Timber respectfully refers to the statute

25    itself.  American Timber denies that it owed or owes any duty or liability to Joyce under such

26    statute.

27    25.     Paragraph 25 purports to explain certain provisions of Labor Code section 226.7

28    and certain wage orders, the contents of which speak for themselves.  American Timber

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1    respectfully refers to the statute and wage orders themselves.  American Timber denies that it

2    owed or owes any duty or liability to Joyce under such statute or wage order.

3         26.    American Timber denies the allegations in paragraph 26.

4         27.    Paragraph 27 purports to explain certain provisions of Labor Code section

5    226.7(b), the contents of which speak for themselves.  American Timber respectfully refers to

6    the statute itself.  American Timber denies that it owed or owes any duty or liability to Joyce

7    under such statute.

8         28.    American Timber incorporates by reference its responses to paragraphs 1 through

9    27 of the complaint.

10         29.    Paragraph 29 purports to explain certain provisions of Labor Code section 227.3,

11    the contents of which speak for themselves.  American Timber respectfully refers to the statute

12    itself.  American Timber denies that it violated or is liable to Joyce under such statute.

13         30.    American Timber denies the allegations in paragraph 30.

14         31.    American Timber denies the allegations in paragraph 31.

15         32.    American Timber denies the allegations in paragraph 32.

16         33.    American Timber incorporates by reference its responses to paragraphs 1 through

17    32 of the complaint.

18         34.    Paragraph 34 purports to explain certain provisions of Labor Code section 201,

19    the contents of which speak for themselves.  American Timber respectfully refers to the statute

20    itself.  American Timber denies that it violated or is liable to Joyce under such statute.

21         35.    American Timber denies the allegations in paragraph 35.

22         36.    American Timber denies the allegations in paragraph 36.

23         37.    American Timber denies the allegations in paragraph 37.

24         38.    American Timber incorporates by reference its responses to paragraphs 1 through

25    37 of the complaint.

26         39.    American Timber admits that it offered to pay certain expenses related to a car

27    driven by Joyce, subject to certain terms and conditions.  American Timber lacks information

28

1 sufficient to admit or deny the allegations contained in the second sentence of paragraph 39.

2 American Timber denies all remaining allegations of paragraph 39.

3     40.    Paragraph 40 purports to explain certain provisions of Labor Code section 2802,

4 the contents of which speak for themselves. American Timber respectfully refers to the statute

5 itself. American Timber denies that it violated or is liable to Joyce under such statute.

6     41.    American Timber denies the allegations in paragraph 41.

7     42.    Paragraph 42 purports to explain certain provisions of Labor Code section 2802,

8 the contents of which speak for themselves. American Timber respectfully refers to the statute

9 itself. American Timber denies that it violated or is liable to Joyce under such statute.

10     43.    American Timber incorporates by reference its responses to paragraphs 1 through

11 42 of the complaint.

12     44.    Paragraph 44 purports to explain certain provisions of the Unfair Competition

13 Law, the contents of which speak for themselves. American Timber respectfully refers to the

14 law itself. American Timber denies that it violated or is liable to Joyce under such law.

15     45.    American Timber lacks information sufficient to admit or deny the allegations in

16 paragraph 45.

17     46.    American Timber denies the allegations in paragraph 46.

18     47.    American Timber denies the allegations in paragraph 47.

19     48.    American Timber denies that Joyce is entitled to any of the relief requested in

20 paragraph 48.

21 **II.**    **<u>AFFIRMATIVE DEFENSES</u>.**

22 Each of the following affirmative defenses is stated as a separate and distinct affirmative

23 defense to the First Amended Complaint, and each claim thereof:

24

**FIRST AFFIRMATIVE DEFENSE**
25 **(Failure to State a Cause of Action)**

26 Plaintiff's complaint, and each and every cause of action thereof, fails to state facts

27 sufficient to constitute a cause of action against Defendants.

28

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's complaint, and each and every cause of action thereof, is barred in whole or in part by the applicable statute of limitations including, but not limited to, Code of Civil Procedure sections 337.1 (written contract), 338(a) (liability created by statute), 339.1 (oral contract), and 343 (for actions otherwise not provided for), and Business and Professions Code section 17208 (UCL claims).

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff has not come to the court with clean hands. As a result, Plaintiff is not entitled to the relief requested in the complaint.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, and Laches)

Plaintiff has waived his right to maintain and is estopped from asserting each and every cause of action raised in his complaint. Plaintiff also is barred from asserting each cause of action by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Good Faith Conduct)

Plaintiff's complaint, and each and every cause of action thereof, is barred because Defendant acted with probable cause and with the good faith belief that Defendant had valid grounds to take whatever actions were taken, if any.

### SIXTH AFFIRMATIVE DEFENSE
### (Plaintiff's Conduct)

The events, injuries, losses, and damages contained in Plaintiff's complaint, if any there may have been, were the result of Plaintiff's own misconduct, negligence, mistake, act, or omission and occurred without any control, culpability, negligence, want of care, default, or other breach of duty to Plaintiff on the part of Defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

### SEVENTH AFFIRMATIVE DEFENSE
### (Performance)

Defendant performed each and every obligation required on its part, and has satisfied and/or discharged each and every term, provision, requirements, and/or obligation pursuant to any and all alleged contracts or transactions, to the extent the same existed.

### EIGHTH AFFIRMATIVE DEFENSE
### (Breach of Contract and of Duty of Good Faith and Fair Dealing)

Plaintiff's material breaches of the parties' agreements or alleged agreements, and of the covenant of good faith and fair dealing, bar Plaintiff's claims, and also discharged and excused any further performance by Defendant.

### NINTH AFFIRMATIVE DEFENSE
### (Lack of Consideration)

Plaintiff's claims are barred in whole or in part by a failure of consideration.

### TENTH AFFIRMATIVE DEFENSE
### (Failure to Fulfill Conditions Precedent)

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to fulfill the conditions precedent.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Fulfill Employment Obligations)

Plaintiff's recovery is barred because Plaintiff failed to fulfill his obligations as an employee pursuant to the provisions of the California Labor Code including, but not limited to, sections 2854, 2856-2863, and 2865, and as set forth in the Counterclaim below which is incorporated by reference.

### TWELFTH AFFIRMATIVE DEFENSE
### (Breach of the Duty of Loyalty, Breach of Fiduciary Duty, Lack of Good Faith)

Plaintiff breached the duty of loyalty and/or fiduciary duty owed to Defendant, and failed to act in good faith in complying with his obligations under the law and any agreement with Defendant.  As a result, such breaches and lack of good faith bar each cause of action set forth in Plaintiff's complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff has failed to mitigate his damages, if any.  As such, Plaintiff's damages should be proportionately reduced.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(At-Will Employment)**

Plaintiff's claims are barred in whole or in part by Labor Code section 2922.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Privilege / Justification)**

Defendant's actions, if any, were justified and/or privileged.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Consent)**

Plaintiff's claims are barred in whole or in part because Plaintiff consented to the conduct or acts, if any, upon which the claims are based.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(After Acquired Evidence)**

Plaintiff's recovery is precluded and/or limited by the "after acquired evidence" doctrine.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Countervailing Interests)**

Defendant's conduct was justified because it substantively furthered one or more countervailing interests of Defendant, including but not limited to, promoting the efficiency of business operations, and protecting the health, safety, and well-being of management, staff, and customers.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Apportionment of Fault / Contribution)**

In the event that a money judgment is rendered jointly against Defendant, Defendant shall be entitled to a right of contribution determined in accordance with the principles of equity.

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Unsupported Request for Attorney's Fees)**

Plaintiff's complaint fails to state facts sufficient to support Plaintiff's prayer for attorney's fees.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Statute of Frauds)**

Plaintiff's complaint, and each and every cause of action thereof, is barred by the applicable statute of frauds, including Civil Code section 1624.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Frivolous Action)**

Plaintiff's action is frivolous and was brought in bad faith as those terms are defined in Code of Civil Procedure section 128.5 and the Federal Rules of Civil Procedure, rule 11, thereby entitling Defendant to the recovery of its reasonable expenses, including attorney's fees incurred.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Plaintiff Exempt from Statutes)**

Plaintiff's statutory claims are barred because such statutes did not apply to Plaintiff or his employment with Defendant, including, without limitation, because of applicable exemptions such as the outside salesperson exemption set forth in the applicable wage order.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Setoff/Offset)**

The damages alleged in the complaint, if any, are subject to setoff and/or offset and should, therefore, be proportionately reduced.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Fraud and Deceit)**

Plaintiff acted fraudulently in misrepresenting material facts to Defendant, concealing material facts Plaintiff had a duty to disclose to Defendant, and/or making promises to Defendant without the intent to perform, including as set forth in the Counterclaim below, which is incorporated by reference.  Plaintiff, therefore, should be barred from any recovery.

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (Inapplicable Law)

To the extent Plaintiff's causes of action are based on California law, each such cause of action fails because California law does not apply.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Abatement)

To the extent Plaintiff's causes of action are based on an alleged violation of a California Labor Code provision, any liability of Defendant is reduced or eliminated by abatements properly taken or available to Defendant due to Plaintiff's conduct or breaches, including as set forth in the Counterclaim, which is incorporated by reference.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Additional Affirmative Defenses)

Defendant reserves the right to amend this Answer as additional affirmative defenses become known and/or available to Defendant.

## III.    COUNTERCLAIM.

American Timber, for its Counterclaim against counter-defendants, alleges as follows:

### A.    The Parties.

1.    American Timber, formerly known as Midwestern Wholesalers, Inc., is an Ohio corporation with its principal place of business in Ohio.

2.    Kevin Joyce is an individual who, American Timber is informed and believes, was at all times relevant hereto a resident of Marin County, California.

3.    Joyce commenced this action in state court against American Timber and Does 1 through 100, and the case has been removed to federal court based on diversity jurisdiction. American Timber is ignorant of the true names and capacities of counter-defendants sued herein as Roes 1 through 10, inclusive, and therefore sues these counter-defendants by such fictitious names.   American Timber will amend this Counterclaim to allege such counter-defendants' true names and capacities when ascertained.   American Timber is informed and believes and thereon alleges that each of these fictitiously named counter-defendants is responsible in some

1   manner for the occurrences herein alleged and that American Timber's damages as herein

2   alleged were proximately caused by the conduct of those counter-defendants.

3       4.      American Timber is informed and believes and thereon alleges that at all times

4   mentioned herein each of the counter-defendants was the agent of each of the remaining

5   counter-defendants and in doing the things herein after alleged was acting within the course and

6   scope of such agency and with permission and consent of the other counter-defendants.

7           **B.    Jurisdiction and Venue**.

8       5.      Joyce initiated this action in state court.  American Timber properly removed this

9   action to federal court on October 23, 2007.  This Court has subject matter jurisdiction over this

10  Counterclaim under the supplemental jurisdiction statute, 28 U.S.C. section 1367(a).  Were this

11  Counterclaim asserted by way of a separate action, this Court would have subject matter

12  jurisdiction under the diversity statute, 28 U.S.C. section 1332(a)(1), as this is an action between

13  citizens of different states in which the amount in controversy exceeds $75,000, exclusive of

14  interest and costs.  The Court also would have jurisdiction under 28 U.S.C. section 1331, as the

15  Counterclaim asserts a claim under the Lanham Act (15 U.S.C. §§ 1051 et seq.).

16      6.      This Counterclaim is properly pleaded in this action under Federal Rules of Civil

17  Procedure, rule 13.  Were this Counterclaim asserted as a separate action, venue would be

18  proper in this district under 29 U.S.C. section 1391(a), as Joyce is a resident of this district

19  within the meaning of 28 U.S.C. section 1391(c).

20          **C.    Intradistrict Assignment**.

21      7.      This action was properly removed to the San Francisco/Oakland division of this

22  Court, as Joyce initiated the action in the Marin County Superior Court and a substantial portion

23  of the events giving rise to this action occurred in Marin County, California.

24          **D.    General Allegations**.

25      8.      American Timber sells construction products, primarily for highway

26  construction.

27      9.      American Timber employed Joyce as a full-time salesperson from 1995 to 2005.

28  In that position, Joyce had significant customer contact and access to American Timber's

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1   confidential, proprietary information, including American Timber's pricing information and the

2   identity, contact persons, and buying histories of American Timber's customers.  Joyce had a

3   duty to maintain the confidentiality of such information.

4          10.    As a term and condition of Joyce's employment, Joyce was not permitted to

5   work for other companies without informing American Timber or if doing so would affect

6   Joyce's job performance.

7          11.    American Timber is informed and believes that during Joyce's employment,

8   Joyce, unbeknownst to American Timber, worked for other companies, including competitors of

9   American Timber.  American Timber is informed and believes that Joyce utilized time for

10  which he was being compensated by American Timber to compete against American Timber

11  and direct business that should and would have been given to American Timber to other

12  companies, and that in doing so Joyce used American Timber's property (e.g., its fax machine,

13  toll-free number, stationary, trademark, trade name, and goodwill).  American Timber is

14  informed and believes that Joyce, during and after his employment, used and disclosed

15  American Timber's confidential, trade secret information in competing against American

16  Timber.

17              **FIRST COUNTERCLAIM FOR RELIEF**

18          (Misappropriation of Trade Secrets -- Civil Code §§ 3426 Et Seq.)

19         12.    American Timber repleads and realleges paragraphs 1 through 11 of its

20  Counterclaim.

21         13.    American Timber has at all times relevant hereto possessed valuable trade

22  secrets, including information about American Timber's pricing and its customers.  American

23  Timber's confidential, proprietary, and trade secret information derives independent economic

24  value from not being generally known to the public or to other persons who can obtain

25  economic value from its disclosure or use.  American Timber also has made at all times relevant

26  hereto reasonable efforts in maintain the secrecy of such information.

27         14.    American Timber is informed and believes that Joyce, both during and after his

28  employment, misappropriated American Timber's trade secrets, including by using and

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1  disclosing the trade secrets, without American Timber's consent, to divert business to

2  competitors of American Timber.

3      15.    As a direct and proximate cause of Joyce's misappropriation of trade secrets, as

4  alleged herein, American Timber has suffered damages according to proof at trial.

5      16.    As a further direct and proximate cause of Joyce's misappropriation of trade

6  secrets, as alleged herein, Joyce has been unjustly enriched.

7      17.    American Timber is informed and believes that Joyce's misappropriation of

8  American Timber's trade secrets was willful and malicious.  Accordingly, American Timber is

9  entitled to recover punitive damages, attorneys' fees, and costs in accordance with Civil Code

10  sections 3426.3 and 3426.4.

**SECOND COUNTERCLAIM FOR RELIEF**

11

12  (Misappropriation of Trade Secrets -- Common Law)

13      18.    American Timber repleads and realleges paragraphs 1 through 17 of its

14  Counterclaim.

15      19.    American Timber is informed and believes that Joyce has misappropriated

16  American Timber's trade secrets.

17      20.    As a direct and proximate cause of Joyce's misappropriation of trade secrets, as

18  alleged herein, American Timber has suffered damages, and Joyce has been unjustly enriched,

19  according to proof at trial, which relief is recoverable under the common law.  American Timber

20  is further informed and believes that Joyce acted with fraud, malice, and oppressive, thereby

21  warranting the imposition of punitive damages.

**THIRD COUNTERCLAIM FOR RELIEF**

22

23  (Breach of Oral Contract)

24      21.    American Timber repleads and realleges paragraphs 1 through 20 of its

25  Counterclaim.

26      22.    In or about November 1995, American Timber and Joyce entered into an oral

27  agreement under which American Timber would employ Joyce as a salesperson.  Joyce

28  impliedly or expressly agreed, unless American Timber otherwise consented, to only perform

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1  services for American Timber's benefit at all times he was being compensated by American

2  Timber.

3       23.     American Timber is informed and believes that Joyce, during his employment

4  and as alleged above, breached the agreement by secretly working for others and competing

5  unfairly with American Timber.

6       24.     As a direct and proximate cause of Joyce's breach of contract, as alleged herein,

7  American Timber has suffered damages according to proof at trial, including for salary,

8  bonuses, and benefits paid to Joyce during those time periods that he was breaching his

9  employment agreement with American Timber.

10  **FOURTH COUNTERCLAIM FOR RELIEF**

11  (Breach of Written Contract)

12       25.     American Timber repleads and realleges paragraphs 1 through 24 of its

13  Counterclaim.

14       26.     Joyce has characterized his employment agreement as a written contract.  While

15  American Timber avers above that such agreement was oral, American Timber alternatively

16  alleges that in or about November 1995, American Timber and Joyce entered into a written

17  agreement under which American Timber would employ Joyce as a salesperson.  As part of the

18  agreement, Joyce impliedly or expressly agreed, as a term and condition of his employment and

19  unless American Timber otherwise consented, to only perform services for American Timber's

20  benefit at all times he was being compensated by American Timber.

21       27.     American Timber is informed and believes that Joyce, during his employment

22  and as alleged above, breached the agreement by secretly working for others and competing

23  unfairly with American Timber.

24       28.     As a direct and proximate cause of Joyce's breach of contract, as alleged herein,

25  American Timber has suffered damages according to proof at trial, including for salary,

26  bonuses, and benefits paid to Joyce during those time periods that he was breaching his

27  employment agreement with American Timber.

28

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

**FIFTH COUNTERCLAIM FOR RELIEF**

(Breach of Implied Covenant of Good Faith and Fair Dealing)

29.   American Timber repleads and realleges paragraphs 1 through 28 of its Counterclaim.

30.   As an employee of American Timber, Joyce had a duty of good faith and fair dealing to refrain from competing unfairly with American Timber during the time he was compensated to provide services on American Timber's behalf.

31.   American Timber is informed and believes that during his employment, as alleged above, Joyce breached his duty of good faith and fair dealing by secretly working for others and competing unfairly with American Timber.

32.   As a direct and proximate cause of Joyce's breach of the implied covenant of good faith and fair dealing, as alleged herein, American Timber has suffered damages according to proof at trial, including for salary, bonuses, and benefits paid to Joyce during those time periods that he was breaching his employment agreement with American Timber.

**SIXTH COUNTERCLAIM FOR RELIEF**

(Violation of Duty of Loyalty and Labor Code §§ 2854 Et Seq.)

33.   American Timber repleads and realleges paragraphs 1 through 32 of its Counterclaim.

34.   Employees owe a duty of loyalty to their employers, and Labor Code sections 2854 et seq. (including sections 2854, 2856, 2858, 2860, 2861, 2863, and 2865) impose mandatory duties on employees relating to their employment, including using ordinary care, skill, and diligence in performing their service and complying with the directions of their employer, giving preference to the business of their employer, and accounting to the employer for all funds and property received on behalf of the employer.

35.   American Timber is informed and believes Joyce breached his duty of loyalty and statutory duties owed to American Timber by secretly working for others and unfairly competing with American Timber.

1    36.    As a direct and proximate cause of Joyce's breach of loyalty and breach of his

2    statutory duties, as alleged herein, American Timber has been deprived of the compensation

3    paid to Joyce during the time he was not acting on American Timber behalf, and Joyce has been

4    unjustly enriched.  American Timber requests damages according to proof at trial, and an order

5    requiring Joyce to disgorge all compensation paid to Joyce during those times he was not acting

6    on American Timber's behalf.

<strong><u>SEVENTH COUNTERCLAIM FOR RELIEF</u></strong>

7

8    (Fraud -- Concealment of Material Fact)

9    37.    American Timber repleads and realleges paragraphs 1 through 36 of its

10   Counterclaim.

11   38.    Joyce impliedly or expressly agreed, unless American Timber otherwise

12   consented, to only perform services for American Timber's benefit at all times he was being

13   compensated by American Timber.  Based on this agreement, and the duty of loyalty and

14   statutory duties imposed on Joyce as alleged above, Joyce owed American Timber a duty to

15   disclose whether he was working for others, including competitors, while receiving a salary for

16   working full-time for American Timber.

17   39.    American Timber is informed and believes that, in breach of his duty to disclose

18   the fact, Joyce concealed and did not disclose to American Timber, with the exception of one

19   other employer, that Joyce was working for others, including competitors, while receiving a

20   salary for working full-time for American Timber.  American Timber is informed and believes

21   that Joyce intentionally concealed such information with the intent to defraud American Timber.

22   American Timber was not aware of such information until after the termination of Joyce's

23   employment, and it would not have acted as it did if it had known that Joyce was secretly

24   working for others, including competitors.

25   40.    As a direct and proximate cause of Joyce's concealment of material facts, as

26   alleged herein, American Timber has suffered damages, and Joyce has been unjustly enriched,

27   according to proof at trial, and including the salary, bonuses, and other compensation American

28

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1    Timber would not have paid to Joyce had it been aware that Joyce was working for others and

2    competing against American Timber.

3        41.    American Timber is informed and believes that Joyce acted with fraud, malice,

4    and oppressive, thereby warranting the imposition of punitive damages.

5                    **EIGHTH COUNTERCLAIM FOR RELIEF**

6                (Trademark and Trade Name Infringement – Common Law)

7        42.    American Timber repleads and realleges paragraphs 1 through 41 of its

8    Counterclaim.

9        43.    American Timber has adopted and used in California the trade mark and trade

10    names "Midwestern Wholesalers, Inc.," "American Timber and Steel Co., Inc.," and variations

11    thereof.

12        44.    As alleged above, American Timber is informed and believes that, in secretly

13    working for others, including competitors, Joyce used, without American Timber's consent,

14    American Timber's property, including its fax machine, toll-free telephone number, stationary,

15    trademark, trade name, and goodwill.  For example, American Timber is informed and believes

16    that Joyce solicited orders and/or provided sales quotes to customers using American Timber's

17    fax cover sheets, and that some such orders were placed by customers and filled by

18    manufacturers other than American Timber, with none of the revenues being received by

19    American Timber.

20        45.    Joyce's unauthorized use of American Timber's trademark and trade name, as

21    allege above, was likely to cause customer confusion as to the source of the goods to be

22    provided (i.e., customers were likely to believe that American Timber was providing the goods

23    and services when, in reality, another manufacturer or supplier provided the goods and related

24    service).

25        46.    As a direct and proximate cause of Joyce's infringement of American Timber's

26    trademarks and trade names, as alleged herein, American Timber has suffered damages

27    according to proof at trial.  American Timber is informed and believes that Joyce acted with

28

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1  fraud, malice, and oppression, and knowingly and deliberately with the intent to infringe

2  American Timber's trademarks or trade names.

3       47.    American Timber requests an order enjoining Joyce from further using or

4  infringing American Timber's trademarks or trade names.

5  <b><u>NINTH COUNTERCLAIM FOR RELIEF</u></b>

6  (Trademark and Trade Name Infringement – Lanham Act)

7       48.    American Timber repleads and realleges paragraphs 1 through 47 of its

8  Counterclaim.

9       49.    As alleged above, American Timber has adopted and used in California the trade

10  mark and trade names "Midwestern Wholesalers, Inc.," "American Timber and Steel Co., Inc.,"

11  and variations thereof; Joyce, upon information and belief, has used and infringed the

12  trademarks and trade names without American Timber's consent; and Joyce's unauthorized use

13  is likely to cause customer confusion.

14       50.    Joyce's infringement of American Timber's trademarks and trade names, as

15  alleged herein, violates the Lanham Act (15 U.S.C. §§ 1051 et seq.), and directly and

16  proximately has caused American Timber to suffer damages according to proof at trial.

17  American Timber is informed and believes that Joyce acted with malice, oppression, and fraud,

18  and knowingly and deliberately with the intent to infringe American Timber's trademarks or

19  trade names.

20       51.    American Timber requests an order enjoining Joyce from further using or

21  infringing American Timber's trademarks or trade names.

22  <b><u>TENTH COUNTERCLAIM FOR RELIEF</u></b>

23  (Unfair Competition -- Common Law)

24       52.    American Timber repleads and realleges paragraphs 1 through 51 of its

25  Counterclaim.

26       53.    As alleged above, American Timber is informed and believes that Joyce secretly

27  worked for others, including competitors, while receiving a salary for working full-time for

28  American Timber, and during the course of doing so, Joyce misappropriated American Timber's

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1   trade secrets and used American Timber's property, including its fax machine, toll-free

2   telephone number, stationary, trademark, trade name, and goodwill. Such conduct constitutes

3   unfair competition.

4      54.    As a direct and proximate cause of Joyce's unfair competition, as alleged herein,

5   American Timber has suffered damages according to proof at trial, and Joyce has been unjustly

6   enriched.

7      55.    American Timber is informed and believes that Joyce acted with fraud, malice,

8   and oppressive, thereby warranting the imposition of punitive damages.

9                    **ELEVENTH COUNTERCLAIM FOR RELIEF**

10      (Violation of Unfair Competition Law -- Bus. & Prof. Code §§ 17200 Et Seq.)

11      56.    American Timber repleads and realleges paragraphs 1 through 55 of its

12   Counterclaim.

13      57.    As alleged above, American Timber is informed and believes that Joyce secretly

14   worked for others, including competitors, while receiving a salary for working full-time for

15   American Timber, and during the course of doing so, Joyce misappropriated American Timber's

16   trade secrets in violation of Civil Code sections 3426 et seq. and used American Timber's

17   property, including its fax machine, toll-free telephone number, stationary, and goodwill, and

18   infringed American Timber's trademark and trade name.

19      58.    Joyce's business practices, as alleged above, constitutes unfair competition

20   within the meaning of California Business and Professions Code sections 17200 et seq., in that

21   his business practices are (1) forbidden by law, (2) immoral, unethical, oppressive, unscrupulous

22   and substantially injurious, and/or (3) fraudulent.

23      59.    As a direct and proximate cause of the above-described conduct, Joyce has been

24   unjustly enriched at American Timber's expense. Consequently, Joyce should be required to

25   disgorge all compensation paid to Joyce during those times he was not acting on American

26   Timber's behalf.

27

28

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

60.     Under Civil Code section 3426.4 and Business and Professions Code sections17200 et seq., American Timber is entitled to its reasonable attorneys' fees incurred herein.

### PRAYER

WHEREFORE, Defendant and Counterclaimant American Timber prays for judgment as follows:

1.     That Joyce take nothing by way of his First Amended Complaint or this action;

2.     That Joyce's First Amended Complaint and all causes of action stated therein be dismissed with prejudice;

3.     That judgment be entered in favor of American Timber and against Joyce on the First and Second Counterclaims for Relief, and that American Timber be awarded compensatory and punitive damages according to proof at trial, and that Joyce be ordered to disgorge all sums procured by him as a result of misappropriating American Timber's trade secrets;

4.     That judgment be entered in favor of American Timber and against Joyce on the Third, Fourth, and Fifth Counterclaims for Relief, and that American Timber be awarded compensatory and special damages according to proof at trial;

5.     That judgment be entered in favor of American Timber and against Joyce on the Sixth Counterclaim for Relief, and that American Timber be awarded compensatory and special damages according to proof at trial, and that Joyce be ordered to disgorge all compensation paid to Joyce during those times he was not acting on American Timber's behalf;

6.     That judgment be entered in favor of American Timber and against Joyce on the Seventh and Tenth Counterclaims for Relief, and that American Timber be awarded compensatory, special, and punitive damages according to proof at trial, and that Joyce be ordered to disgorge all compensation paid to Joyce during those times he was not acting on American Timber's behalf;

7.     That judgment be entered in favor of American Timber and against Joyce on the Eighth and Ninth Counterclaims for Relief, and that American Timber be awarded compensatory and punitive damages, treble damages to the extent provided by law, and that the

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

1    Court issue an order enjoining Joyce from further using or infringing American Timber's

2    trademarks or trade names;

3           8.     That judgment be entered in favor of American Timber and against Joyce on the

4    Eleventh Counterclaim for Relief, and that Joyce be ordered to disgorge all compensation paid

5    to Joyce during those times he was not acting on American Timber's behalf;

6           9.     That American Timber be awarded its costs and expenses incurred herein,

7    including its attorneys' fees and expert witness fees;

8          10.    For prejudgment interest; and

9          11.    That American Timber be awarded any other and further relief that the Court

10   considers just and proper.

11

12   Date: October 30, 2007                  KLEIN, DeNATALE, GOLDNER,
                                             COOPER, ROSENLIEB & KIMBALL, LLP

13

14                            By:  /s/
                                Jeffrey W. Noe

15                              Attorneys for Defendant and Counterclaimant,
                                AMERICAN TIMBER AND STEEL CO.,

16                              INC., sued herein and f/k/a MIDWESTERN
                                WHOLESALERS, INC.

17

18

19

20

21

22

23

24

25

26

27

28

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309