**THE WRIGHT LAW FIRM**
Sarah S. Wright, Esq. (State Bar No. 161112)
4340 Redwood Highway, Suite F229
San Rafael, CA 94903
Telephone: 415-472-5900
Facsimile: 415-472-5905
Attorney for Plaintiff and Counter-Defendant KEVIN JOYCE

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JOYCE,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>MIDWESTERN WHOLESALERS, INC., an Ohio Corporation, and DOES 1 through 50, inclusive,<br><br>　　Defendants.<br><br>AMERICAN TIMBER AND STEEL CO., INC., f/k/a MIDWESTERN WHOLESALERS, INC., an Ohio Corporation,<br><br>　　Counterclaimant,<br><br>　　v.<br><br>KEVIN JOYCE, an Individual, and ROES 1 through 10, inclusive,<br><br>　　Counter-Defendants. | No. C 07-05404 JCS<br><br>**PLAINTIFF/COUNTER-DEFENDANT KEVIN JOYCE'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM** |

　　Plaintiff Kevin Joyce ("Joyce") answers Defendant/Counterclaimant American Timber and Steel Co., Inc.'s counterclaim as follows:

1

1. Joyce lacks information sufficient to admit or deny the allegations contained in paragraph 1 of the counterclaim.

2. Joyce admits the allegations of paragraph 2.

3. Joyce admits that he commenced this action in state court against Midwestern Wholesalers, Inc. ("Midwestern"), of which counterclaimant alleges American Timber and Steel Co. is the successor in interest. Joyce lacks information sufficient to admit or deny the remaining allegations contained in paragraph 3 of the counterclaim.

4. Joyce lacks information sufficient to admit or deny the allegations contained in paragraph 4.

5. Joyce admits that he initiated this action in state court and that the action was properly removed to federal court on the basis of diversity jurisdiction. Joyce denies that the Lanham Act applies to this matter and therefore denies that the Court would also have supplemental jurisdiction.

6. Joyce admits that he is a resident of this district and lacks information sufficient to admit or deny the remaining allegations contained in paragraph 6.

7. Joyce admits the allegations in paragraph 7.

8. Joyce admits that Midwestern sold construction products for highway construction.

9. Joyce admits that Midwestern employed him as a full-time salesperson from 1995 to 2005. Joyce admits that he had significant customer contact. Joyce lacks sufficient information to admit or deny whether he had access to proprietary information. Joyce denies that Midwestern's customer information was confidential or proprietary. Joyce denies that he had a duty to maintain the confidentiality of information already known to him when he was hired by Midwestern.

10. Joyce denies the allegations in paragraph 10.

11. Joyce admits that he helped a friend with a lumber company. Joyce denies any other company he performed services for competed with Midwestern. Joyce denies the remainder of the allegations of paragraph 11.

Counterdefendant Kevin Joyce's Answer and Affirmative Defenses to Counterclaim

12. Joyce incorporates by reference his responses to paragraphs 1 through 11 of the counterclaim.

13. Joyce denies that Counterclaimant's pricing and its customers were unknown to him prior to accepting employment with Counterclaimant. Joyce lacks information sufficient to admit or deny the remaining allegations contained in paragraph 13.

14. Joyce denies the allegations in paragraph 14.

15. Joyce denies the allegations in paragraph 15.

16. Joyce denies the allegations in paragraph 16 and denies that counterclaimant is entitled to recover damages from him.

17. Joyce denies the allegations in paragraph 17 and denies that Counterclaimant is entitled to any of the relief requested in paragraph 17.

18. Joyce incorporates by reference his responses to paragraphs 1 through17 of the counterclaim.

19. Joyce denies the allegations in paragraph 19.

20. Joyce denies the allegations in paragraph 20 and denies that Counterclaimant is entitled to any of the relief requested in paragraph 17..

21. Joyce incorporates by reference his responses to paragraphs 1 through 20 of the counterclaim.

22. Joyce admits that in or about November 1995, prior to the written memorialization of their employment agreement, he entered into an oral agreement with Midwestern under which Midwestern would employ Joyce as a salesperson. Joyce denies the remaining allegations of paragraph 22.

23. Joyce denies the allegations in paragraph 23..

24. Joyce denies the allegations in paragraph 24 and denies that counterclaimant has suffered damages.

Counterdefendant Kevin Joyce's Answer and Affirmative Defenses to Counterclaim

25. Joyce incorporates by reference his responses to paragraphs 1 through 24 of the countercomplaint.

26. Joyce admits that he has characterized his employment agreement as a written contract and that he would be employed by Midwestern as a salesperson. Joyce denies the remaining allegations of paragraph 26.

27. Joyce denies the allegations in paragraph 27.

28. Joyce denies the allegations in paragraph 28 and denies that counterclaimant has been damaged..

29. Joyce incorporates by reference his responses to paragraphs 1 through 28 of the counterclaim.

30. Joyce admits the allegations in paragraph 30 as they apply to Midwestern.

31. Joyce denies the allegations in paragraph 31.

32. Joyce denies the allegations in paragraph 32 and denies that counterclaimant has been damaged.

33. Joyce incorporates by reference his responses to paragraphs 1 through 32 of the counterclaim.

34. Paragraph 34 purports to explain certain provisions of Labor Code sections 2854, 2856, 2858, 2860, 2861, 2863 and 2865, the contents of which speak for themselves. Joyce respectfully refers to the statutes themselves. Joyce denies that he violated or is liable to Counterclaimant under such statutes.

35. Joyce denies the allegations in paragraph 35.

36. Joyce denies the allegations of paragraph 36 and further denies that counterclaimant is entitled to any of the relief requested in paragraph 36.

37. Joyce incorporates by reference his responses to paragraphs 1 through 36 of the counterclaim.

38. Joyce denies the allegations in paragraph 38.

Counterdefendant Kevin Joyce's Answer and Affirmative Defenses to Counterclaim

39. Joyce denies he owed a duty to disclose whether he had other business interests. Joyce admits he disclosed to Counterclaimant that he worked for one other employer. Joyce denies the remaining allegations of paragraph 39.

40. Joyce denies the allegations in paragraph 40. Joyce further denies that counterclaimant has been damaged and that he has been unjustly enriched. Joyce denies that Counterclaimant is entitled to any relief.

41. Joyce denies the allegations of paragraph 41 and denies that Counterclaimant is entitled to any relief.

42. Joyce incorporates by reference his responses to paragraphs 1 through 41 of the counterclaim.

43. Joyce lacks information sufficient to admit or deny the allegations contained in paragraph 43.

44. Joyce denies that he secretly worked for competitors. Joyce lacks information sufficient to admit or deny whether he ever inadvertently used Counterclaimant's trademark or trade name when printing out or using a fax cover sheet. Joyce denies that the remaining allegations of paragraph 44.

45. Joyce denies the allegations in paragraph 45.

46. Joyce denies the allegations in paragraph 46 and denies that counterclaimant has suffered damages.

47. Joyce denies the allegations in paragraph 47 and denies that Counterclaimant is entitled to any relief as requested in paragraph 47.

48. Joyce incorporates by reference his responses to paragraphs 1 through 47 of the counterclaim.

49. Joyce lacks information sufficient to admit or deny the allegation that American Timber has adopted and used in California the trade mark and trade names set forth in paragraph 49. Joyce denies the remaining allegations in paragraph 49.

Counterdefendant Kevin Joyce's Answer and Affirmative Defenses to Counterclaim

50. Joyce denies the allegations set forth in paragraph 50 and denies that American Timber has suffered damages.

51. Joyce denies that Counterclaimant is entitled to the relief set forth in paragraph 51.

52. Joyce incorporates by reference his responses to paragraphs 1 through 51 of the counterclaim.

53. Joyce denies the allegations in paragraph 53.

54. Joyce denies the allegations in paragraph 54 and denies that counterclaimant has suffered damages.

55. Joyce denies the allegations in paragraph 55 and denies that Counterclaimant is entitled to any relief.

56. Joyce incorporates by reference his responses to paragraphs 1 through 55 of the counterclaim.

57. Joyce denies the allegations in paragraph 57.

58. Joyce denies the allegations in paragraph 58.

59. Joyce denies the allegations in paragraph 59 and denies that counterclaimant is entitled to any relief.

60. Joyce denies the allegations in paragraph 60 and denies that Counterclaimant is entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

Counterclaimant's counterclaim, and each and every cause of action thereof, fails to state facts sufficient to constitute a cause of action against Counter-Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Counterclaimant's counter claim, and each and every cause of action thereof, is barred in whole or in part by the applicable statue of limitations including, but not limited to, Code of Civil

Counterdefendant Kevin Joyce's Answer and Affirmative Defenses to Counterclaim

Procedure § 337 (written contract); 338 (liability created by statute other than a penalty or forfeiture, taking, detaining or injuring chattels, fraud; 339.1 (oral contract); 340 (statutory penalty); and 343 (for actions otherwise not provided for) and Business and Professions Code § 17208 (UCL claims).

**THIRD AFFIRMATIVE DEFENSE**

(Unclean Hands)

Counterclaimant has not come to the court with clean hands. As a result, Counterclaimant is not entitled to the relief requested in the counter claim.

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver, Estoppel and Laches)

Counterclaimant has waived his right to maintain and is estopped from asserting each and every cause of action raised in his counterclaim. Counterclaimant is also barred from asserting each cause of action by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

(Good Faith Conduct)

Counterclaimant's counter-claim, and each and every cause of action thereof, is barred because Counter-Defendant acted with probable cause and with the good faith belief that Counter-Defendant had valid grounds to take whatever actions were taken, if any.

**SIXTH AFFIRMATIVE DEFENSE**

(Counterclaimant's Conduct)

The events, injuries, losses, and damages contained in Counterclaimant's counter claim, if any there may have been, were the result of Counterclaimant's own misconduct, negligence, mistake, act, or omission and occurred without any control, culpability, negligence, want of care, default, or other breach of duty to Counterclaimant on the part of Counter-Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

(Performance)

Counter-Defendant performed each and every obligation required on his part, and has satisfied and/or discharged each and every term, provision, requirements, and/or obligation pursuant to any and all alleged contracts or transactions, to the extent the same existed.

## EIGHTH AFFIRMATIVE DEFENSE

(Breach of Contract and Duty of Good Faith and Fair Dealing)

Counterclaimant's material breaches of the parties' agreements or alleged agreements, and of the covenant of good faith and fair dealing, bar Counterclaimant's claims, and also discharged and excused any further performance by Counter-Defendant.

## NINTH AFFIRMATIVE DEFENSE

(Lack of Consideration)

Counterclaimant's claim is barred in whole or in part by a failure of consideration.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Fulfill Conditions Precedent)

Counterclaimant's claim is barred in whole or in part because Counterclaimant has failed to fulfill the conditions precedent.

## ELEVENTH AFFIRMATIVE DEFENSE

(Breach of the Duty of Loyalty and Lack of Good Faith)

Counterclaimant breached the duty of loyalty and/or fiduciary duty owed to Counter-defendant, and failed to act in good faith in complying with its obligations under the law and any agreement with Counter-defendant. As a result, such breaches and lack of good faith bar each cause of action set forth in Counterclaimant's cross claim.

Counterdefendant Kevin Joyce's Answer and Affirmative Defenses to Counterclaim

## TWELFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Counterclaimant has failed to mitigate its damages, if any. As such, Counterclaimant's damages should be proportionately reduced.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Privilege/Justification)

Counter-defendant's actions, if any, were justified and privileged.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Consent)

Counterclaimant's claims are barred in whole or in part because Counterclaimant consented to the conduct or acts, if any, upon which the counter claims are based.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Apportionment of Fault/Contribution )

In the event that a money judgment is rendered jointly against Counterclaimant and Counter-Defendant, Counter- Defendant shall be entitled to a right of contribution determined in accordance with the principles of equity.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Unsupported Request for Attorney's Fees)

Counterclaimant's counterclaim fails to state facts sufficient to support Counterclaimant's prayer for attorney's fees.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Statute of Frauds))

Counterclaimant's claim, and each and every cause of action thereof, are barred by the applicable statute of frauds, including Civil Code § 1624.

Counterdefendant Kevin Joyce's Answer and Affirmative Defenses to Counterclaim

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Frivolous Action)

The damages alleged in the counterclaim, if any, are subject to setoff and/or offset and should, therefore, be proportionately reduced.

### NINETEENTH AFFIRMATIVE DEFENSE

(Fraud and Deceit)

Counterclaimant acted fraudulently in misrepresenting material facts to Counter-defendant, concealing material facts Counterclaimant had a duty to disclose to Counter-defendant, and/or making promises to Counter-defendant without the intent to perform. Counterclaimant, therefore, should be barred from any recovery.

### TWENTIETH AFFIRMATIVE DEFENSE

(Right to Privacy [California.Constitution])

The California Constitution confers a right to privacy upon its citizens which vitiates any requirement Counterclaimant claims it imposed upon Counter-Defendant that Counter-Defendant inform Counterclaimant of Counter-Defendant's private and personal noncompeting business(es).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Right to Engage in Profession)

California Business and Professions Code § 16600 confers a right to workers to engage in their chosen profession and renders void any contract or agreement by which anyone is restrained from engaging in a lawful profession, trade or business of any kind.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

Counter-Defendant reserves the right to amend this Answer as additional affirmative defenses become known and/or available to him.

WHEREFORE, Counter-defendant Kevin Joyce prays for judgment on the Counterclaim as follows:

1.  That American Timber take nothing by way of its Counter Claim or this action;

2.  That American Timber's Counter Claim be dismissed with prejudice;

3.  That Joyce be awarded his costs and expenses incurred herein, including his attorney's fees and expert witness fees;

4.  That Joyce be awarded any other and further relief that the Court considers just and proper.

Dated: November 26, 2007

_____
SARAH S. WRIGHT
Attorney for Plaintiff and Counter-defendant
KEVIN JOYCE

Counterdefendant Kevin Joyce's Answer and Affirmative Defenses to Counterclaim