1  Jeffrey W. Noe, State Bar No. 167387
   KLEIN, DENATALE, GOLDNER,
2    COOPER, ROSENLIEB & KIMBALL, LLP
   4550 California Avenue, Second Floor
3  Bakersfield, California 93309
   Telephone: (661) 395-1000
4  Facsimile: (661) 326-0418
5  Email: jnoe@kleinlaw.com

6  Attorneys for Defendant /Counterclaimant

7
                IN THE UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA
9
                  SAN FRANCISCO/OAKLAND DIVISION
10

11 | KEVIN JOYCE,                              | CASE NO. C 07-05404 JCS (MED)
12 |                                           |
   |            Plaintiff,                     | Assigned to Hon. Joseph C. Spero
13 |                                           |
   |     v.                                    |
14 |                                           | JOINT CASE MANAGEMENT
   | MIDWESTERN WHOLESALERS, INC., an          | STATEMENT AND RULE 26(f)
15 | Ohio corporation, and                     | REPORT
   | DOES 1 through 50, inclusive,             |
16 |                                           |
   |            Defendants.                    |
17 |_____| CMC Date:   February 8, 2008
18 | AMERICAN TIMBER AND STEEL CO.,            | Time:       1:30 p.m.
   | INC., f/k/a MIDWESTERN                    | Courtroom:  A
19 | WHOLESALERS, INC., an Ohio Corporation,   |
20 |            Counterclaimant,               | [Telephonic Appearance]
21 |     vs.                                   |
22 | KEVIN JOYCE, an individual, and ROES      |
   | 1through 10, inclusive,                   |
23 |                                           |
   |            Counter-Defendants.            |
24

25      The parties to the above-entitled action jointly submit this Case Management
26 Conference Statement, and request that the Court base its scheduling order on this
27 statement.
28
                                        1
Civil Action No. 07-5404 JCS                Joint Case Management Statement and Rule 26(f) Report

# DESCRIPTION OF THE CASE

## 1. Jurisdiction and Service

Subject matter jurisdiction over this action is conferred by 28 U.S.C. §§ 1332 and 1441. All parties have been served.

## 2. Facts

**Plaintiff Kevin Joyce's Claims and Allegations:**

Joyce worked as an employee for Midwestern Wholesalers, Inc. (now known as American Timber & Steel Co., Inc.) from November 15, 1995 until Midwestern terminated his employment on January 10, 2005. Less than a year and a half after Midwestern terminated Joyce's employment, it solicited him to sell its products as an independent sales representative. During Joyce's relationship with Midwestern, both as an employee and as an independent sales representative, the only products Joyce handled on behalf of Midwestern were highway guard rail posts and blocks.

During Joyce's first business relationship with Midwestern, he was employed pursuant to a written contract (Exhibit 1 to plaintiff's First Amended Complaint).

Allegations that support Joyce's breach of contract claims that also give rise to his Labor Code claims are set forth below:

Failure to pay Joyce's 2004 bonus (supports Labor Code §201 claim);

Failure to pay Joyce "an amount equal to a lease payment for a midsize automobile" and for "all normal auto expenses not normally covered by a lease" (Labor Code § 2802);

Failure to pay accrued vacation upon termination of employment (Labor Code §§ 227.3 and 201);

As a salaried employee, Joyce was never paid overtime, in violation of Labor Code § 510, nor was he ever informed of his right to take rest and meal breaks, a violation of Labor Code §§ 226.7 and 512.

**American Timber's Defenses and Allegations:**

American Timber denies it is liable to Joyce, including for the following reasons:

- As an outside salesperson, the alleged wage and hour requirements did not apply to Joyce. (See, e.g., Labor Code § 1171 and the applicable wage order.)

- As a salesman who worked *out of his own home* with no direct supervision, Joyce clearly was not prevented from taking any breaks (even if the wage and hour requirements somehow applied), and he similarly took all accrued vacation when he wanted.

- Documents confirm that Joyce was paid a car allowance.

- Joyce was paid all bonuses owed, or such claims are subject to abatement due to Joyce's breaches described below.

- Joyce's claims, which are based on acts that allegedly occurred from 1995 to the termination of his employment in January 2005, are barred by the doctrine of laches, as well as the applicable statute of limitations. (See, e.g., C.C.P. § 339 [two-year limitations period for oral contract claims].)

**American Timber's Counterclaim and Allegations:**

American Timber alleges that Joyce breached his duty of loyalty by secretly spending over 50% of his time working for other companies, while he was supposed to be working full-time for American Timber and was paid an amount based on the understanding he was working full-time. American Timber also alleges that Joyce unfairly competed against American Timber by soliciting business for himself or competitors while he was employed full-time by American Timber, including by using American Timber's equipment, letterhead, and proprietary financial and customer information.

////

Based on these allegations, American Timber has filed a counterclaim against Joyce for misappropriation of trade secrets; breach of contract; violation of the duty of loyalty and similar duties set forth in Labor Code §§ 2854 et seq.; fraud; trademark and trade name infringement; and unfair competition. American Timber seeks compensatory, special, and punitive damages; treble damages under the trademark and trade name claims; and attorneys' fees under an applicable statute (e.g., the Uniform Trade Secrets Act, Civil Code §§ 3426 et seq.). American Timber has not yet calculated its damages since it believes that Joyce and several nonparties (e.g., those employers with whom Joyce unfairly competed against American Timber) possess much of the necessary information.

**Kevin Joyce's Defenses to the Counterclaim and Related Allegations:**

Counter-Defendant denies that any of American Timber's claims are valid. Specifically:

- The statute of limitations on Counter-Claimant's breach of oral contract claim expired at the latest on January 10, 2007.
- Although pled as a breach of written contract, the claim fails to state any specific written term that Joyce violated and is nothing more than an artfully pled breach of the covenant of good faith and fair dealing, which also carries a two-year statute of limitations.
- Counter-Claimant fails to identify any trade secret Joyce allegedly misappropriated. Joyce was initially hired because he had the contacts in the highway guard rail business that Counter-Claimant lacked. Counter-Claimant benefitted from Joyce's contacts during the ten years of Joyce's employment and for another year when it retained Joyce as an independent sales representative. There was never a non-solicitation agreement or any consideration provided by Counter-Claimant to Joyce that would bar Joyce from competing with Counter-Claimant.
- After Counter-Claimant fired Joyce, it made exactly the same accusations that it makes in its Counter-Claim. On May 27, 2005, in a letter never

designated as confidential or for settlement purposes only, Counter-Claimant's Ohio attorneys demanded that Joyce pay $120,000 in damages. One year later, Counter-Claimant retained Joyce as an independent sales representative. This is precisely a scenario that screams for the principle of estoppels to bar the Counter-Claim.

3. **Legal Issues**

- Whether Joyce was an "outside salesperson" pursuant to Labor Code § 1171 and the applicable wage order.
- Whether Joyce's claims are barred by the doctrine of laches or the applicable statute of limitations. (See, e.g., C.C.P. § 339 [two-year limitations period for oral contract claims].)
- Whether Counter-Claimant's third and fourth claims for relief are barred by the statute of limitations applicable to oral contracts.
- Whether a customer list could ever be a trade secret when all customers' jobs are publicly bid, and the names of all bidders and the bids given for public works projects are publicly available.

4. **Motions**

There are no pending motions. Both parties anticipate filing motions for summary judgment/summary adjudication of issues.

5. **Amendment of Pleadings**

No other parties are known at this time and no existing parties will be deleted. Cross-complainant may add new parties depending on what discovery reveals.

6. **Evidence Preservations**

Counsel has advised their clients to preserve evidence.

////
////

7. **Disclosures**

The parties have met and conferred and agreed to fully and timely comply with the initial disclosures requirements of Fed. R. Civ. P. 26. Disclosures shall be made no later than February 1, 2008, and documents produced no later than February 15, 2008.

8. **Discovery**

To the extent the documents produced pursuant to the initial disclosures do not provide such information, Joyce intends to propound discovery upon defendant for the employment records retained by defendant that are relevant to him, identification of each instance it alleges Joyce infringed upon its trademark, the identification of trade secrets and the specific acts Joyce allegedly performed that breached his duty of loyalty.

American Timber intends to take discovery on Joyce's duties; the performance of his job duties; payments he received from American Timber; his work history, including the extent to which he worked for others while being employed full-time by American Timber; and the extent to which he unfairly competed against American Timber, including his use of American Timber's equipment, intellectual property, and proprietary financial and customer information. American Timber will seek such information from Joyce and some nonparties (e.g., customers and Joyce's other employers).

The parties are not aware at this time of any unique issues requiring changes to the limits on discovery or affecting the sequence of discovery.

In light of American Timber's trade secrets allegations, the parties recently filed, and the Court entered, a stipulated protective order.

9. **Class Actions**

No evidentiary, claim construction, or class certification hearings are anticipated.

////

**10.    Related Cases**

There are no related proceedings, including administrative proceedings, and any related cases pending before other judges of this court, or before any other court.

**11.    Relief (what damages and other relief are sought and what method is used to compute such damages).**

The complaint in this action seeks monetary damages only. Those damages are as follows: bonus payment for 2004, accrued unpaid vacation time, premium pay for days plaintiff worked without meal and/or rest breaks, overtime pay, interest on unpaid wages at the legal rate from the date they were due, 30 days waiting time pay for defendant's failure to pay the aforementioned wages upon termination of employment, expenses equivalent to a lease payment for a mid-size automobile, all automotive expenses he incurred in the course and scope of plaintiff's employment, all reasonable costs incurred in obtaining reimbursement for expenses, attorney's fees and costs of suit.

The amount of the bonus payment due to Joyce depends upon sales for the year 2004, which should be disclosed in the initial disclosures or in follow-up discovery. Unpaid vacation time, premium pay and overtime pay will be computed by dividing Joyce's weekly salary by 40 to obtain his hourly rate. The automobile expenses will be computed by ascertaining the lease payment for a mid-size automobile during Joyce's employment and examination of documents supporting mileage, toll and parking reimbursement.

American Timber seeks compensatory, special, and punitive damages; treble damages under the trademark and trade name claims; injunctive relief; and attorneys' fees. American Timber has not yet calculated its damages because Joyce and nonparties possess the necessary information.

////

////

////

### 12. Settlement and ADR

The parties stipulated to mediation under the Court's program, and the Court issued the Order re mediation on January 22, 2008.

### 13. Consent to Magistrate Judge For All Purposes

All parties consent to the jurisdiction of a Magistrate Judge for all purposes, including trial and entry of judgment.

### 14. Other References

The case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

American Timber intends to seek to eliminate several of Joyce's claims or to otherwise narrow the issues in this case by filing a motion for summary judgment/adjudication or other appropriate motion addressing the applicability of the outside salesperson exemption, the statute of limitations, and the evidence establishing the payments made to Joyce.

Joyce intends to file a motion for summary judgment/adjudication on Cross-Claimant's third and fourth claims as barred by the statute of limitations, on the trade secret claims on the grounds that Cross-Claimant's customer list is not, as a matter of law, a trade secret, and on other causes of action as appropriate.

### 16. Expedited Schedule

The parties anticipate that this matter will be ready for trial by November 10, 2008. To the extent this trial date would comport with an expedited schedule, the parties could comply.

////

////

////

17. **Scheduling**

The parties propose the following dates:

Trial: November 10, 2008

Discovery Cut-off: October 14, 2008 (30 days before trial, following the Columbus Day holiday);

Designation of Experts: August 12, 2008 (90 days before trial)

Designation of Rebuttal Experts: September 11, 2008 (30 days after designation of experts);

18. **Trial (the expected length of trial, approximate number of witnesses, experts, exhibits, and whether a jury is demanded).**

The length of trial is expected to take between 5 days to 10 days, depending on whether the issues have been narrowed before trial. None of the parties has demanded a jury.

19. **Disclosure of Non-Party Interested Entities or Persons:**

Defendant/Cross-Claimant has filed a Certification of Interested Entities or Persons, which stated that there are no interested persons other than the parties. Plaintiff/Cross-Defendant is an individual.

20. **Other Matters (Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action.)**

The parties are not aware of any other matters that should be set forth in this statement.

////

////

////

////

21. **Service List (Include a service list for all counsel that includes telephone and fax numbers.)**

1. Sarah S. Wright
   The Wright Law Firm
   4340 Redwood Highway, Suite F229
   San Rafael, CA 94903
   Attorney for Plaintiff
   Telephone: (415) 472-5900
   Facsimile: (415) 472-5905
   E-Mail: wright_law@sbcglobal.net

2. Jeffrey W. Noe
   Klein, Denatale, Goldner, Cooper, Rosenlieb & Kimball, LLP
   4550 California Avenue, 2nd Floor
   Bakersfield, CA 93309
   P.O. Box 11172
   Bakersfield, CA 93389-1172
   Telephone: (661) 395-1000
   Facsimile: (661) 326-0418
   E-Mail: jnoe@kleinlaw.com

DATED: January 31, 2008

THE WRIGHT LAW FIRM


By ___Sarah S. Wright, by Jwn w/permission___
   Sarah S. Wright
   Attorneys for Plaintiffs\Relators


DATED: January 31, 2008

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP


By ___Jeffrey W. Noe___
   Jeffrey W. Noe

## PROOF OF SERVICE

I am employed in the county of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 4550 California Avenue, Bakersfield, California 93309.

On **January 31, 2008** I served the foregoing document described as follows:

**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**

☐ by placing the true copies thereof
☐ by placing the original

addressed as follows:

Sarah S. Wright, Esq.
The Wright Law Firm
340 Redwood Highway, Ste. F229
San Rafael, CA 94903
Attorney for Plaintiff

☐ **BY MAIL**   I enclosed such document in sealed envelope(s) with the name(s) and address(es) of the person(s) served as shown on the envelope(s) and caused such envelope(s) to be deposited in the mail at Bakersfield, California. The envelope(s) was/were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **BY ELECTRONIC MAIL**   I caused the above-mentioned document(s) to be electronically filed with the Northern District of the United States District Court, which also constitutes service by email. (See, e.g., General Order No. 45, section IX.A and .B.)

☐ **BY PERSONAL SERVICE**   I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

Executed on **January 31, 2007**, at Bakersfield, California.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Paula Smith                                   /s/ Paula Smith
Type or Print Name                            Signature

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB, & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172